UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6353-CR-DIMITROULEAS

UNITED STATES OF AMERICA,

VS.

JEFFERSON LEVINE,

Defendant.
_____/

## DETENTION ORDER

THIS MATTER came before the Court upon the Government's motion to detain the defendant, **Jefferson Levine**, prior to trial and until the conclusion thereof. Having received evidence and heard argument of counsel, the Court hereby GRANTS the motion and enters its written findings of fact and statement of reasons for the detention in accordance with the provisions of 18 U.S.C. § 3142(i).

A. INTRODUCTION

On December 19, 2000, the Court held a hearing to determine whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of any person and the community. 18 U.S.C.



§ 3142(f). Based upon the Indictment of the Grand Jury, see United States v. Hurtado, 779 F.2d 1467, 1479 (11th Cir. 1985), the Court finds probable cause that the defendant, **Jefferson Levine**, committed an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq. This finding gives rise to a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e). Assuming, arguendo, that the defendant has come forward with sufficient evidence to rebut the statutory presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); United States v. King, 849 F.2d 485, 488 (11th Cir. 1988). Throughout this proceeding, the burden of persuasion is upon the Government to establish by the "preponderance of the evidence" that the defendant poses a risk of flight and/or by "clear and convincing evidence" that he poses a danger to the community. Id. at 489; 18 U.S.C. § 3142(f). In determining whether the Government has met its burden by the requisite standard of proof, this Court must take into account the factors enumerated in 18 U.S.C. § 3142(g).

B.   FINDINGS OF FACT

1. The defendant is charged in two counts with possession with intent to distribute cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 841(a)(1). Therefore, the defendant is charged with crimes involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

2. The Court received credible evidence that the defendant committed the

2

offenses with which he has been charged. More specifically, the Government proffered that on two occasions the defendant sold crack cocaine to a confidential informant ("CI") while in the presence of an undercover police officer. On September 14, 2000, the defendant retrieved 11.8 grams of crack cocaine from a nearby tree and then sold the crack cocaine to the CI for $350. Following that transaction, police searched the tree and located another 15 grams of crack cocaine. Thereafter, the defendant engaged in a series of audio recorded telephone conversations with the CI in an effort to plan another crack cocaine transaction. On September 21, 2000, the defendant sold 97.2 grams of crack cocaine to the CI for $2,400. Accordingly, the defendant sold a total of 109 grams of crack cocaine to the CI for a sum of $2,750.  18 U.S.C. § 3142(g)(2).

3.      The pertinent history and characteristics of the defendant are significant to this Court's assessment of his candidacy for bond. The defendant is a United States citizen, having been born in Hollywood, Florida. He has lived at a Hollywood residence with his parents for his entire life and has never travelled outside the United States. He also has three children residing in the community. According to the defendant, he has worked in the landscaping business and in the paving business with his father.

The Pretrial Services Report reflects that the defendant has an extensive criminal record, which includes the following arrests: resisting without violence/tag not assigned (1988); possession of cocaine with intent to deliver (1988); possession of cocaine (2 counts)/resisting officer without violence/contempt of court (1989); loitering and prowling/possession of cocaine (1989); possession of cocaine/loitering/resisting officer without violence (1989); selling counterfeit drugs (1991); delivery of cocaine (1991); armed

3

robbery/possession of weapon by convicted felon/possession of weapon (1992); aggravated battery on police officer(2 counts)/obstruction of justice/resisting police without violence/operating without valid license (1993); destroying evidence/resisting officer without violence (2 counts)/indecent exposure (1993); possession of cocaine/aggravated battery on a police officer (1996); loitering after warning/fraud-telephone/possession of device with removed serial numbers (1996); possession of cocaine/possession of marijuana/ possession of narcotic equipment (1999); and possession with intent to deliver cocaine (2000). In addition, the Report reflects that the defendant has been convicted of the following offenses: possession of cocaine with intent to deliver (adjudication withheld)(1989); possession of cocaine (1989); resisting officer without violence (1989); selling counterfeit drugs (1991); delivery of cocaine (1991); armed robbery (Government proffers conviction was for "grand larceny")(1993); aggravated battery on a police officer/obstruction of justice/resisting police without violence/operating without valid license (1993, 1995, and 1996); resisting officer without violence (1995); fraud-telephone/possession of device with removed serial number (adjudication withheld)(1997); and possession of narcotic equipment (1999). Finally, the Report reflects that in connection with his several arrests the defendant utilized at least three (3) aliases, as well as an alternate date of birth and an alternate Social Security number.   18 U.S.C. § 3142 (g)(3)(A) and (B).

4.   The Court received evidence concerning the nature and seriousness of the danger to the community that would be posed by the release of this defendant. The defendant has an extensive criminal history that includes multiple arrests and convictions

for crimes of violence and crimes involving narcotic drugs. With respect to the instant offense, the defendant personally negotiated and executed the sale of significant quantities of crack cocaine to a CI on two occasions. 18 U.S.C. § 3142(g)(4).

5. The Court is not able to find by the preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance at trial. 18 U.S.C. § 3142(e).

6. The Court specifically finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e).

C. STATEMENT OF REASONS FOR DETENTION

1. Based upon the above findings of fact, this Court cannot conclude that the release of this defendant on bond prior to trial would present an unreasonable risk of flight. The defendant is a lifelong resident of the community who has never travelled outside the United States. Further, the Report reflects that the defendant has never failed to appear in court as directed.

2. Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable danger to persons and to the community. The defendant has an extensive criminal history that includes multiple arrests and convictions for crimes of violence and crimes involving narcotic drugs. He has continued to involve himself in criminal activity as evidenced by the sale of crack cocaine for which he now stands indicted. Accordingly, the defendant appears neither to have been deterred nor rehabilitated by virtue of his previous encounters with the criminal

5

justice system.

D.  DISPOSITION

Being fully advised, the Court hereby ORDERS that the defendant, **Jefferson Levine**, be detained prior to trial and until the conclusion thereof.

The Court further DIRECTS

1. That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this 19th day of December 2000.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable William P. Dimitrouleas
United States District Judge

Robert Barrar, Esquire
Rubin & Barrar
333 NE 23rd Street
Miami, Florida 33137-4926
Attorney for Defendant

Larry Bardfeld, Esquire
Assistant United States Attorney

United States Marshal

United States Pretrial Services