UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   00-6353-CR-DIMITROULEAS

UNITED STATES OF AMERICA    )
                            )
            Plaintiff,      )
                            )
v.                          )
                            )
                            )
JEFFERSON LEVINE,           )
                            )
            Defendant.      )
_____)

**NIGHT BOX
F.ILED**

JAN - 2 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL



## GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order.  This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.   1.   Enclosed, please find copies of 1 videotape and 3 audiotapes which contain recordings of conversations had by the defendant. Copies of transcripts of the telephone calls are attached.

     2.   The government is unaware of any oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.  However, in October of 2000, Defendant was approached by law enforcement officials, including an FBI agent. Defendant was advised that there was an ongoing investigation into his drug dealing, and that law enforcement officials had purchased over 100 grams of crack cocaine from him.  He was asked if he was represented by counsel and he produced a business card for a lawyer named Michael Haber.   When

Defendant had not been arrested shortly after that conversation, he said if the FBI had a case on him, they would have arrested him by now.

3.   No defendant testified before the Grand Jury.

4.   The NCIC record of the defendant is attached. Copies of prior convictions are attached.

5.   Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33394.

   The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6.   A laboratory analysis report regarding the cocaine base seized in connection with this case is attached. A total of 11.8 grams of cocaine base was purchased from Defendant on September 14, 2000. Another 16.8 grams of cocaine base was seized from the area where Defendant obtained the cocaine base to sell to a confidential informant.
   On September 21, 2000, a confidential informant purchased approximately 97.2 grams of cocaine base from Defendant.

B.   DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.   The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

2

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). On two separate occasions, a confidential informant, under the supervision of law enforcement officials, purchased cocaine base from Defendant. That confidential informant worked with law enforcement officials in return for consideration of a reduction in sentence from a pending state drug trafficking charge.

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. The confidential informant has a conviction in state court for drug trafficking.

F.    The defendant was identified by photograph by police officers who accompanied the confidential informant to the transactions. The officers were familiar with Defendant and indicated that the person in the photograph (Levine) was the person from whom the CI purchased the crack cocaine.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.    The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.    The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

3

K.      The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. §822 and §823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

L.      The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is currently in the government's possession.

M.     The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant. The government attempted to obtain prints from the baggies containing the crack cocaine that Defendant had sold but no usable prints were obtained. A copy of those reports are attached.

N.     To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.     The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.     At the discovery conference, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

> Time: 3:00 p.m. and 11:00 a.m.
> Date: September 14, 2000 and September 21, 2000
> Place: 715 Sw 10th Street, Dania Beach, FL and
> 2200 Block of Douglas Street, Hollywood, FL

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
LAURENCE M. BARDFELD
Assistant United States Attorney
Florida Bar No. 712450
500 East Broward Boulevard, #700
Fort Lauderdale,   Florida 33394
Tel: (954) 356-7255, ext. 3510
Fax: (954) 356-7336

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed/hand-delivered this $\underline{3^{rd}}$ day of January, 2001, to: Robert Barrar, Esquire, Rubin & Barrar, 333 NE 23rd Street, Miami, FL 33137-4926.

Laurence M. Bardfeld
Assistant United States Attorney

6