

00-6353-CR·WPD
USA v Jefferson Levine
Jury notes

FILED by ___ D.C.
MAR 28 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.



3/27/00

5:40 pm

Q. 1 — If there is some doubt (created by ~~insu~~ insufficient testimony, is that sufficient to create reasonable doubt?

Q. 2.   We would like to request a recess as no decision will be reached tonight.

*Alan Stanzer, Foreman*

9:50 pm            3/28/01

We Request To See The Video one
More Time In Its Entirety.

We Would Like To Do It In The Jury Room So we can
Start + Stop The Tape + Discuss
Various Issues

Alan Stander, Foreman

10:55 AM                              5/28/01

After Several Votes and Approximately 3½ hrs of Deliberation we are deadlocked + cannot come to a unanimous decision on either Count 1 or Count 2.

We as a jury don't believe our individual opinions will change with further discussion.

Alan Stander, Foreman

11:45 AM                    3/28/01

We Request a written Copy of the
Additional Instructions Provided.


*[signature]*
Alan Stander, Foreman

Members of the Jury:

I'm going to ask that you continue your deliberations in an effort to reach agreement upon a verdict and dispose of this case; and I have a few additional comments I would like for you to consider as you do so.

This is an important case. The trial has been expensive in time, effort, money and emotional strain to both the defense and the prosecution. If you should fail to agree upon a verdict, the case will be left open and may have to be tried again. Obviously, another trial would only serve to increase the cost to both sides, and there is no reason to believe that the case can be tried again by either side any better or more exhaustively than it has been tried before you.

Any future jury must be selected in the same manner and from the same source as you were chosen, and there is no reason to believe that the case could ever be submitted to twelve men and women more conscientious, more impartial, or more competent to decide it, or that more or clearer evidence could be produced.

If a substantial majority of your number are in favor of a conviction, those of you who disagree should reconsider whether your doubt is a reasonable one since it appears to make no effective impression upon the minds of the others. On the other hand, if a majority or even a lesser number of you are in favor of an acquittal, the rest of you should ask yourselves again, and most thoughtfully, whether you should accept the weight and sufficiency of evidence which fails to convince your fellow jurors beyond a reasonable doubt.

Remember at all times that no juror is expected to give up an honest belief he or she may have as to the weight or effect of the evidence; but, after full delibera-

## TRIAL INSTRUCTIONS

tion and consideration of the evidence in the case, it is your duty to agree upon a verdict if you can do so.

You must also remember that if the evidence in the case fails to establish guilt beyond a reasonable doubt the Defendant should have your unanimous verdict of Not Guilty.

You may be as leisurely in your deliberations as the occasion may require and should take all the time which you may feel is necessary.

I will ask now that you retire once again and continue your deliberations with these additional comments in mind to be applied, of course, in conjunction with all of the other instructions I have previously given to you.

2:00pm   3/28/01

Your Honor —
We have Reached a Verdict.

*[signature]*, Foreman