IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 00-6353-CR-DIMITROULEAS



FILED BY_____ D.C.

2001 APR -3 PM 3: 48

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA-FTL

UNITED STATES

v.

JEFFERSON LEVINE,

Defendant.
_____/

## RENEWED MOTION TO DISMISS AND POST-TRIAL MOTION FOR JUDGMENT OF ACQUITTAL AND/OR ARREST OF JUDGMENT

Defendant, Jefferson Levine, through counsel and pursuant to the Federal Rules of Criminal Procedure hereby files this Renewed Motion to Dismiss and Post-Trial Motion for Judgment of Acquittal and/or Arrest of Judgment and states as follows:

1. Trial commenced in this cause on March 26, 2001 under a two count indictment for possession with intent to distribute crack cocaine.

2. On March 28, 2001, the jury returned its verdict of not guilty as to Count I and guilty as to Count II, after Defendant's Motions for Judgment of Acquittal and/or to Dismiss were denied by the Court.

3. Defendant hereby renews all prior motions and objections made during the trial in this cause.

4. Defendant was entitled to a Judgment of Acquittal as the crack cocaine admitted into evidence was done so over objection without proper foundation, predicate and/or chain of custody as the initial individual to come into possession of the cocaine never testified before this Court. Thus the evidence was insufficient.

5. During trial Detective Hector Melatich, working in conjunction with the FBI and/or DEA, testified that the government was not interested in making any arrests of individuals associated with powdered cocaine only



individuals dealing with crack cocaine. He further testified that he would make no arrest of individuals involved with powdered cocaine.

6. Defendant moved to dismiss the indictment during trial based upon the testimony of Detective Melatich. This motion was denied.

7. As was well stated by Judge Wilkie Ferguson before the Federal Bar Association,

> "Crack cocaine is singled out for draconian punishment even though it is established now to a scientific certainty that the psychotropic effects of powder cocaine and crack cocaine are no different."

8. It is further well established that blacks deal in crack cocaine and whites deal in powder.

9. In order to demonstrate that selective prosecution violates equal protection, the Defendant must make two showings.

   a. The Defendant must show that persons similarly situated have not been prosecuted.

   b. These decisions are made on the basis of an unjustifiable standard such as race. Wayte vs. U.S., 470 U.S. 598 (1985) and Oyler vs. Boles, 368 U.S. 448 (1962).

10. At Bar, the Defendant a member of the black race was being prosecuted for dealing in crack cocaine, while according to the testimony of Detective Milatich those dealing in powdered cocaine (i.e. whites) would not have been arrested.

11. Since the effects of crack cocaine and powdered cocaine are identical, there is no justifiable standard or reason for law enforcement to only seek arrest and prosecution of those dealing with crack. Further, since

only those dealing in crack are black, law enforcement is therefore intentionally making decisions based upon race.

12. Accordingly, the Defendant is entitled to a dismissal of the indictment, a judgment of acquittal and/or arrest of judgment based on selective prosecution in violation of the constitutional guarantee of equal protection.

13. The actions by law enforcement in this cause constitute selective prosecution, which is prohibited by the Equal Protection Clause of the United States Constitution. Thus, the Defendant is entitled to a dismissal of the indictment judgment of acquittal and/or arrest of judgment.

WHEREFORE, based upon the foregoing, Defendant respectfully requests this Court Issue its Order granting the Defendant's Renewed Motion to Dismiss and Post-Trial Motion for Judgment of Acquittal and/or Arrest of Judgment in this cause.

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent to Larry Bardfeld, Esquire, Assistant United States Attorney, 500 East Broward Boulevard, 7th Floor, Ft. Lauderdale, Florida 33394 this 3rd day of April, 2001.

**THE LAW OFFICES OF ELLIS RUBIN
AND ROBERT I. BARRAR**
Attorneys for Defendant
4141 Northeast 2nd Avenue
Suite 203A
Miami, FL 33137
305/576-5600 Direct Line
305/576-3292 Telefax

_____
**ROBERT I. BARRAR, ESQ. #653926**
For the Firm