FILED BY _____ D.C.

2001 APR -9 PM 3:08

CLERK U.S. DIST. CT.
S.D. OF FLA-FTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6353-CR-DIMITROULEAS

UNITED STATES OF AMERICA )
)
    Plaintiff, )
)
v. )
)
)
JEFFERSON LEVINE, )
)
    Defendant. )
_____)

### GOVERNMENT'S RESPONSE TO MOTION TO DISMISS
### AND MOTION FOR JUDGMENT OF ACQUITTAL

    This memorandum is in response to Defendant, JEFFERSON LEVINE's Renewed Motion to Dismiss and Post-Trial Motion for Judgment of Acquittal and/or Arrest of Judgment. Defendant contends that he is entitled to a Judgment of Acquittal as the crack cocaine was improperly admitted into evidence. Defendant also contends that the case should be dismissed because the Government was interested in purchasing crack cocaine and not powder cocaine. Defendant argues that the Government selectively prosecuted him because he is black in violation of the equal protection clause. Defendant's claims are without merit and should be denied.

    Defendant argues that he is entitled to a Judgment of Acquittal because the crack cocaine should not have been admitted



into evidence. He claims that the initial person who came into possession of the crack cocaine (the confidential informant) did not testify about it. In this case, an undercover agent observed and participated in the transaction from the front passenger seat of a car. The undercover agent witnessed Defendant drop a bag containing crack cocaine into the confidential informant's lap. The undercover agent looked into the bag, saw that it contained crack cocaine, and then delivered it to one of the case agents. That cocaine was sent to the lab where it was tested, and found to be a mixture and substance containing cocaine base. Even if there were a gap in the chain of custody, and the Government does not believe there was any gap, any gap would bear on the wight of the evidence not its admissibility. See United States v. Abreu, 952 F.2d 1458, 1467 (1st Cir.), cert. denied, 503 U.S. 994 (1992). There is no evidence to suggest that the evidence was altered in any way from the time it was purchased from Defendant until the time it was tested by the crime lab. See Hoover v. Thompson, 787 F.2d 449 (8th cir. 1986)(The trial court need only be satisfied that there is a reasonable probability that the article was not changed in any important respect.)

Defendant also claims that the Government selectively prosecuted him because he was a black selling crack cocaine. Defendant claims that the Government was not interested in arresting anyone selling powder cocaine. He relies on Detective

2

Meletich's testimony, who indicated that he was interested in purchasing crack cocaine. In this case, law enforcement officials did not have the opportunity to purchase powder cocaine from Defendant or anyone else in the area. The only controlled substance that the undercover agent and confidential informant had an opportunity to purchase was almost 100 grams of crack cocaine from Defendant. The evidence at trial showed that Defendant had crack cocaine, not powder cocaine, and that the undercover agent and confidential informant purchased $2,400 worth of crack cocaine from Defendant.

Various courts have previously ruled that the attack on the disparity between crack and powder cocaine does not violate equal protection . See United States v. Mathews, 168 F.3d 1234 (11th cir. 1998) (Statutes and Sentencing Guidelines under which an individual convicted of dealing or possessing crack cocaine is subject to longer sentences than a person convicted of dealing or possessing the same amount of powder cocaine do not deny equal protection on the ground that crack cocaine convictions tend to involve poor urban African American defendants while powder cocaine use is more common among wealthier whites); see also United States v. Sloan, 97 F.3d 1378 (11th cir. 1996), cert. denied 520 U.S. 1277 (1997); United States v. Munoz-Realpe, 21 F.3d 375 (11th Cir. 1994). The Courts agree that there are numerous legitimate and non race-related reasons why Congress may have included the distinction

between cocaine base and cocaine powder, and it is not for the courts to interfere in that determination. United States v. Jackson, 84 F.3d 1154 (9th Cir. 1996). The fact that there is a sentencing disparity between crack and powder based on crack's greater concentration and intensity, the youth of its users and sellers, the low cost per dose resulting in easy distribution, and the violence frequently associated with the use and dealing of the drug, have been found to be sufficient reasons for the disparity. See United States v. Galloway, 951 F.2d 64 (5th Cir. 1992). These legitimate goals defeat challenges based on equal protection.

Accordingly, Defendant's Renewed Motion to Dismiss and Post Trial Motion for Judgment of Acquittal is without merit and should be denied.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*
LAURENCE M. BARDFELD
Assistant United States Attorney
Florida Bar No. 712450
500 East Broward Boulevard, #700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255, ext. 3510
Fax: (954) 356-7336

4

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed/hand-delivered this 9th day of April, 2001, to: Robert Barrar, Esquire, Rubin & Barrar, 333 NE 23rd Street, Miami, FL 33137-4926.

*Laurence M. Bardfeld*
Laurence M. Bardfeld
Assistant United States Attorney

5