IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 00-6353-CR-DIMITROULEAS

UNITED STATES

v.

JEFFERSON LEVINE,

Defendant.
_____/



### NOTICE OF OBJECTIONS TO PRE-SENTENCE INVESTIGATION REPORT AND MOTION FOR DOWNWARD DEPARTURE FROM THE SENTENCING GUIDELINES

Defendant, Jefferson Levine, through counsel and pursuant to the Federal Rules of Criminal Procedure hereby files this Notice of Objections to Pre-Sentence Investigation and Motion for Downward Departure from the Sentencing Guidelines and states as follows:

1. Defendant objects to items 27, 28, 32 and the points attributable thereto regarding his criminal history as these prior convictions have not been furnished in discovery and the Defendant does not recall these cases.

2. The Defendant objects to numerous aliases attributed to him as the vast majority are his real name, names that he did not use and/or abbreviations of his middle name and different spellings of his first name.

3. The Defendant objects to the social security number attributed to him as his social security number is 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.

4. The Defendant objects to the conduct presentation as the Defendant at all times has plead not guilty.

5. The Defendant objects to the 109 grams base cocaine attributed him as he was found not guilty of Count I of the Indictment which alleged acts



committed on September 14, 2000 for which the cocaine weighed 11.8 grams.

6. Pursuant to Apprendi vs. New Jersey, 530 U.S. 466 (2000), the government must prove this amount beyond a reasonable doubt and as a matter of fact and law the Defendant was found not guilty.

7. The Pre-Sentence Investigation Report contends that the Defendant is a career offender pursuant to state case numbers 91-1642CF10 and 91-141CF10A. The Defendant has previously objected to the inclusion of case 91-141CF10A as he does not recall same and no prior offense with this case number was provided in the discovery. Additionally, even if attributable to the Defendant, he received concurrent time on these two cases and therefore these two offenses should not be counted separately for determination of career offender status. Additionally, Section 4B 1.1 of the Sentencing Guidelines requires two prior felony convictions regarding a controlled substance. Even if case number 91-141CF10A is attributable to the Defendant it would not qualify as a controlled substance offense for purposes of career offender status. Since that cause concerned itself with the sale of a counterfeit controlled substance this cause even if attributable to the Defendant cannot be considered for career offender status.

8. Since the Defendant does not qualify as a career offender, his base offense level would be 32 not 37 as indicated by probation. Further, based upon a criminal history level VI he could be sentenced between 210 to 262 months.

**MOTION FOR DOWNWARD DEPARTURE**

9.      Pursuant to Section 5K of the Sentencing Guidelines the Court has power to grant a downward departure when it finds a mitigating circumstance that it was not adequately considered by the commission in formulating said guidelines.  See U.S. v. Baker, 19 F 3rd 605 (11th Cir 1194).

10.     During trial Detective Hector Melatich, working in conjunction with the FBI and/or DEA, testified that the government was not interested in making any arrests of individuals associated with powdered cocaine only individuals dealing with crack cocaine.  He further testified that he would make no arrest of individuals involved with powdered cocaine.  He further testified that he would make no arrest of individuals involved with powdered cocaine.

11.     As was well stated by Judge Wilkie Ferguson before the Federal Bar Association,

> "Crack cocaine is singled out for draconian punishment even though it is established now to a scientific certainty that the psychotropic effects of powder cocaine and crack cocaine are no different."

12.     It is further well established that blacks deal in crack cocaine and whites deal in powder.

13.     At Bar, the Defendant a member of the black race was being prosecuted for dealing in crack cocaine, while according to the testimony of Detective Milatich those dealing in powdered cocaine (i.e. whites) would not have been arrested.

14.     Since the effects of crack cocaine and powdered cocaine are identical, there is no justifiable standard or reason for law enforcement to only seek

3

arrest and prosecution of those dealing with crack. Further, since only those dealing in crack are black, law enforcement is therefore intentionally making decisions based upon race.

15. See Punishment and Prejudice: Racial Disparities in the War on Drugs, wherein according to the United States Sentencing Commission, 88.3 percent of Federal crack cocaine defendants are black. Further, a notorious distinction and heavier sentences mandated in Federal law between crack cocaine verses powder cocaine and the proportionally greater number of blacks prosecuted federally for crack and thus receiving heavier sentences than whites who are primarily prosecuted for powder cocaine offenses, have come to symbolize for many the racially discriminatory nature of the war on drugs.

16. Also, see U.S. v. Smith, 125 F. Supp. 2d 486 (S.D. Fla. 2000).

17. Also, see United States Sentencing Commission special report to the Congress: Cocaine and Federal Sentencing Policy 1995.

18. Finally, even if this Court should find the Defendant to be a career offender pursuant to Baker supra, U.S. v. Phillips, 120 F. 3rd 227 (11th Cir. 1997), U.S. v. Wilson, 901 F. 2nd 1000 (11th Cir. 1990) and U.S. v. Weaver 920 F. 2d 1570 (11th Cir. 1991) this Court has discretion to depart downward as the Defendant's criminal history significantly over represents the seriousness of same and/or the likelihood that the Defendant will commit other crimes. Also, see U. S. Pinckney 938 F. 2d 519 (4th Cir. 1991) and U.S. v. Rivers, 50 F. 3rd 1126 (2nd Cir. 1995).

19. At Bar, the Defendant is a 30-year old individual who will be turning 31 in August of this year. A number of his cases have involved concurrent time and his last felony offense other than the one present before the Court was committed approximately six years ago.

4

20.    Accordingly, this Court has discretion to depart downward from the sentencing guidelines.

I HEREBY CERTIFY that a true and correct copy of the foregoing was telefaxed to Silas Saunders, U.S. Probation (305) 523-5496 and to Larry Bardfeld, Esquire, Assistant United States Attorney, (954) 356-7336, 500 East Broward Boulevard, 7th Floor, Ft. Lauderdale, Florida 33394 this 20th day of June, 2001.

**THE LAW OFFICES OF ELLIS RUBIN AND ROBERT I. BARRAR**
Attorneys for Defendant
4141 Northeast 2nd Avenue
Suite 203A
Miami, FL  33137
305/576-5600 Direct Line
305/576-3292 Telefax

**ROBERT I. BARRAR, ESQ. #653926**
For the Firm