UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

Case No. 01-14123-D

00-6353-cr-WPD ✓

UNITED STATES OF AMERICA, :

     Plaintiff/Appellee,

vs.                :

                 :

JEFFERSON LEVINE,

     Defendant/Appellee.    :

_____/

FILED by _____ D.C.

DEC - 7 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## UNOPPOSED MOTION TO SUPPLEMENT RECORD ON APPEAL

The appellant, Jefferson Levine, through counsel, respectfully requests that the Court allow him to supplement the record on appeal with a copy of a videotape entered into evidence at trial, and with a *pro se* motion he filed with the court, but which was never docketed.  In support thereof, he states:

1.  Mr. Levine's initial brief and record excerpts are due to be filed, and are being mailed out today.

2.  The first issue raised on appeal challenges the erroneous admission of two pieces of hearsay evidence.  One piece of this evidence is a "trailer" at the end of a videotape entered into evidence as Government Exhibit 3.

3.  Government Exhibit 3 was released to the government after trial, and the original is believed to be in the custody of the Case Agent.  As of this writing, however,



neither undersigned counsel nor counsel for the government have been able to verify with the Case Agent whether he does in fact have custody of the original tape. However, the government has provided undersigned counsel with a copy of Government's Exhibit 3 from its file, and former AUSA Larry Barfeld – the trial prosecutor – has confirmed that the copy in the government's file is an exact copy of the tape that was introduced into evidence and submitted to the jury in this case. For that reason, undersigned counsel has agreed with the government to supplement the record at this time with the government's copy of the original Government's Exhibit 3. If the original videotape is located with the Agent, the original will be substituted. Three additional copies of the videotape are provided with this motion so that each panelmember will be able to have a personal copy at arm's length, during the decision-making process.

3.    The second issue raised in the brief is an *Apprendi* Sixth Amendment challenge to the indictment, for failure to provide proper notice of the charged offense and penalty. Mr. Levine raised this issue in a *pro se* Motion Based Upon Insufficient Indictment, which was presented to the district court and counsel for the government at the June 29, 2001 sentencing (copy attached). (R12: 2-3). The district court denied that motion on the record (R12: 3), and in a later written order (R1: 46). For some reason, however, the actual *pro se* motion does not appear on the docket sheet or in the

record on appeal at this time.

4. Undersigned counsel has provided a copy of the *pro se* motion to AUSA

Scott Behnke, who has discussed the motion with former AUSA Larry Bardfeld, and

has represented to counsel that the government does not oppose supplementation of the

record on appeal with the attached copy of that *pro se* motion.

WHEREFORE, the appellant, JEFFERSON LEVINE, respectfully requests that

the Court allow the record on appeal to be supplemented with a copy of the videotape

introduced into evidence at trial as Government's Exhibit 3, and with a copy of the *pro*

*se* motion filed by Mr. Levine at sentencing.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Brenda G. Bryn
Assistant Federal Public Defender
Florida Bar No. 0708224
One East Broward Boulevard
Suite 1100
Ft. Lauderdale, Florida 33301
Tel./FAX: (954) 356-7436/7556

GRANTED BY CLERK
FOR COURT

_____  12/4/01
Deputy Clerk            Date
                        3

A True Copy - Attested:
Clerk, U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was mailed this _____ day of

November, 2001, to AUSA Anne Schultz, Chief of Appeals, 99 N.E. 4th Street, Miami,

Florida, 33132-2111; AUSA Scott Behnke, 500 East Broward Boulevard, Suite 700,

Ft. Lauderdale, Florida 33394.

Brenda G. Bryn

4

○ 0 2001

# CERTIFICATE OF INTERESTED PERSONS

# AND CORPORATE DISCLOSURE STATEMENT

## United States v. Jefferson Levine

## Case No. 01-14123-D

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

NOV 3 0 2001

Appellant files this Certificate of Interested Persons and Corporate Disclosure Statement, listing the parties and entities interested in this appeal, as required by 11th Cir. R. 26.1

Laurence M. Bardfeld, former Assistant United States Attorney

Robert I. Barrar, Trial Counsel

Scott Behnke, Assistant United States Attorney

Brenda G. Bryn, Assistant Federal Public Defender

The Honorable William P. Dimitrouleas, United States District Judge

Jefferson Levine, Defendant/Appellant

Guy A. Lewis, United States Attorney

United States of America, Plaintiff/Appellee

Kathleen M. Williams, Federal Public Defender

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-6353-CR-Dimitrouleas

UNITED STATES OF AMERICA,
          Plaintiff,

                                    Pursuant to U.S. Const. Art. III,
     vs.                            Sec. 2; and Fed.R.Crim.P. 12(b)(2).

Jefferson Levine,
          Defendant.
_____/

### MOTION BASED UPON INSUFFICIENT INDICTMENT AND LACK OF JURISDICTION, WITH MEMORANDUM OF POINTS AND AUTHORITIES TO DISMISS THE INDICTMENT

COMES NOW, Defendant, Jefferson Levine, and respectfully moves this Honorable Court pursuant to his Fifth and Sixth Amendment Rights of the United States Constitution. This [Honorable] Court has a duty to liberally construe [pro se litigant's] assertions .... " Sanders v. U. S., 113 F.3d 184, 187 (11th Cir. 1997); St. John v. U. S., 54 F.Supp.2d 1322, 1323 (S.D.Fla.1999).

### JURISDICTIONAL DEFECTS

Federal Courts are courts of limited jurisdiction. See U. S. Const. Art. III Sec. 2. Lack of jurisdiction over the subject matter of an indictment is not subject to waiver and may be raised at any time. U. S. v. Arbo, 691 F.2d 862, 865 (9th Cir.1982). This Honorable Court may entertain a jurisdictional questions at any stage of the proceedings. See Rule 12(b)(2) Fed.R.Crim.P. See also STIRONE V. U. S. 361 U.S. 212, 213 (1960) and Ex parte BAIN, 121 U.S. 1, 12-13 (1987); United States v. Tran, 234 F.3d 798 (2nd Cir.2000).

The Advisory Committee Notes to this provision adopted in 1944, state that such "objections and defenses" include "all defenses and objections" which are capable of determination without a trial of the general issue ... [including] ... former jeopardy, former conviction, former acquittal, statute of limitations, immunity, lack of jurisdiction, failure of indictment or information to state an offense, etc." Fed.R.Crim.P. 12(b)(1) and (2) Advisory Committee Notes. See

- -

Idaho v. Horiuchi, 215 F.3d 986, 992-93 (9th Cir.2000).

An indictments failure to charge an offense constitutes a jurisdictional defect. See United States v. Hughey, 147 F.3d 423, 436 (5th Cir.1998), cert. denied 119 S.Ct. 569; see also United States v. Cabrera-Teran, 168 F.3d 141 (5th Cir.1999). Because an indictment is jurisdicttional, the defendant at anytime may raise an objection to the indictment based on failure to charge an offense, and the defect is "not waived by a guilty plea." See United States v. Tomeny, 144 F.3d 749 (11th Cir.1998), the defendant must have adequate notice and under- standing of the nature of the charge to which he is pleading guilty. Also see Morales v. Posales, 838 F.2d 1359 (5th Cir.1988); and Fed.R.Crim.P. 12(b)(2).

## CONSTITUTIONAL PROVISIONS INVOLVED

The instant motion seeks to cure a manifest injustice inflicted upon this Defendant, wherein the Defendant's Fifth Amendment Right to DUE PROCESS and Six- th Amendment guarantee that the accused shall enjoy the right ... to be inform- ed of the nature and cause of accusation, and the right to Constructive Assist- ance of Counsel, have been violated.

## FACTS

Defendant's indictment failed to allege an essential element of the offense, that is, the penalty provision. Title 21 U.S.C. §841(b).

After, a review of the court's instructions to the jury. The Defendant's jury was not instructed on the essential element of drug amount as listed in the indictment. Nor did the grand jury find probable cause to indict on 21 U.S.C. §841(b)(1)(A) or (B) or (C).

## JURISDICTIONAL REASONS FOR GRANTING THE MOTION

Defendant's indictment has created a situation of manifestt injustice, in that it is doubtful that the court had jurisdiction to hold trial in the origin- al criminal case, and then imprison the Defendant. U. S. v. Tran, 234 F.3 at 808

The construction of the indictment in the instant matter fails to provide

-2-

essential elements of the crime, that would have put the Defendant on notice as to penalties alleged.  These are what have now come to be known as APPRENDI JUR-ISDICTIONAL QUESTION, pursuant to the United States Supreme Courts decision in **APPRENDI v. NEW JERSEY**, 120 S.Ct. 2348 (2000).

Defendant's indictment in this case simply states, alleged violation of §841(a)(1). There is no mention of the penalty provisions of §841(b), which are a requirement as these sections provides an **"ELEMENT"** of the crime that **"must"** be charged. **There is absolutely no doubt, given the nature of recent decisions discussed infra, that this Honorable Court totally lacked any jurisdiction what-soever, the Defendant.** (emphasis added).

The events of this case, never placed this Defendant, on notice, when the indictment was presented at arraignment.  This brings us to the trial, portion of the instant matter. **Did this court have jurisdiction, and was the trial legal?**

Rule 7 (c)(1) of the Federal Rules of Criminal Procedure states in part: **" In general the indictment or the information shall be a plain, concise and de-finite written statement  of the ...essential facts... constituting the offense charged"**. (emphasis added).

Rule 7 (c)(3) states in part: **"Error ... shall not be ground for reversal ... if the error or omission did not mislead the defendant to the defendant's prejudice."** (emphasis added). In the instant matter the failure to state  essential elements required by the Constitution, prejudiced this Defendant.

Defense counsel failure to recognize and preserve these errors, Construct-ively Denied this Defendant, the assistance of counsel (emphasis added) in vio-lation of the Sixth Amendment to the U. S. Constitution. See **U. S. v. CRONIC**, 466 U. S. at 648).

### DISCUSSION OF HISTORICAL PRECEDENT TO CHARGING CRIMES BY INDICTMENT

It was long established at the common law, which created the jurisprudence of the Grand Jury, that an indictment must inform the accused of his conduct which

was forbidden and the penalty prescribed for his conduct. I.W. LaFave & A. Scott, Jr., Substantive Criminal Law, §1.2 (1986). After much evolution, the reasons for requiring notice to the accused of both the precise conduct forbidden and the penalty faced was ultimately recognized to be for his benefit and for the general benefit to society that the laws themselves be subjected to regular popular scrutiny. This scrutiny is both for what they proscribe and for what they permit as the maximum penalty. I. Polluck and J. Maitland, History of English Law (2nd Ed. 1990), Volume I, pp. 137-55 and Volume II, pp. 647-53. Current practice has tried to make the multiple protections of the Grand Jury into just two major protections.

> "In a number of cases the Court has emphasized two of the protections which an indictment is intended to guarantee, reflected by two of the criteria by which the sufficiency of an indictment is to be measured. These criteria are, first, whether the indictment 'contains the elements of the offense intended to be charged,' 'and sufficiently apprises the defendant of what he must be prepared to meet,' and, secondly, 'in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' Cochran and Sayr v. United States, 161 U.S. 29,34."

Russell v. United States, 369 U.S. 749, 763, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).

Having to charge an American by indictment is a constitutional requisite grounded in the nature of the retribution to be sought for the alleged transgression, and not for the nature of the offense itself.

> "No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury."

U. S. Constitution Amendment V. In selecting this language, there is no doubt that the Founding Fathers were using their apprehension of "capital or otherwise infamous crime" in the Constitution and that their Grand Jury concern solely implicated the punishment.

> "The use of 'punishment' was the operative language in the Massachusetts' Convention, Madison's Draft, and the Ordinance of 1787 for the Government of the Northwest Territory."

Ex parte Wilson, 114 U.S. 417, 428-29, 5 S.Ct. 935, 29 L.Ed. 89 (1885).

-4-

Thus, the Grand Jury function of charging an infamous or capital crime is conditioned from its first instance on the appropriateness of the penalty to be applied to the illegal conduct to the mind of the Grand Jury. And that review was legally retained by the People through the Institution of Grand Jury.

> "The power to set punishments is only a sovereign authority
> because it is granted by the People."

Morgan v. Divine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915).

That Grand Jury duty has been expressly acknowledged where the measure of the accused's culpability, if found guilty, may be found in different statutory sections:

> "The Grand Jury does not determine only that probable cause
> exists to believe a defendant committed a crime, or that
> it does not.  In the hands of the Grand Jury lies the pow-
> er to charge a greater or a lesser offense; numerous counts
> or a single count; and perhaps most significant of all, a
> capital offense or a noncapital offense - all on the basis
> of the same facts."

Vasquez v. Hillery, 474 U.S. 254, 263, 106 S.Ct. 617, 88 L.Ed.2d 598, 608 (1988).

Very recently the Supreme Court has reaffirmed the principle:

> "Elementary notions of fairness enshrined in
> our constitutional jurisprudence dictate that
> a person receive fair notice not only of the
> conduct which will subject him to punishment,
> but also of the severity of the penalty that
> a State [or Government] may impose."

BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 1598, 134 L.Ed. 2d 809 (1996).

When the language of a statute fails to inform the defendant of his liability of recognized standards of certitude, it is subject to constitutional challenge.

> "Vague sentencing provisions may posit constitu-
> tional questions if they do not state with suf-
> ficient clarity the consequences of violating a
> given criminal statute."

United States v. Batchelder, 442 U.S. 114, 123, 99 S.Ct. 2198, 60 L.Ed.2d 755

(1979). Also see <u>United States v. Brown</u>, 381 U.S. 437, 85 S.Ct. 1707, 14 L.Ed.
2d 484 (1965).  Disregard for the liability terms of the statute in an individ-
ual criminal charging is not materially different in principle than for the sta-
tute being constitutionally vague over penalties to begin with.  Thus, the princ-
iples by which to decide this issue are already well settled in the existing jur-
isprudence.

    The pertinent legal fact here is that a criminal defendant is constitution-
ally entitled to know from the outset of his prosecution both the exact conduct
which is legally proscribed and the maximum sentence liability for that conduct.
This point must be a common starting ground with the position of the Government.

> "We agree with the government that the statut-
> ory sentence must be determined by the conduct
> within the four corners of the indictment.
> Otherwise, a defendant would not know at the
> time of the arraignment or change of plea what
> his maximum sentence would be on the charged
> offense."

<u>United States v. Carroza</u>, 4 F.3d 70, 81 (1st Cir.1993), cert. denied, 511 U.S.
1069 (1994).

    As applied to violation of Title 21, <u>Apprendi v. New Jersey</u> has re-establ-
ished the Grand Jury's responsibility to an accused for setting the statutory
penalty by indictment.  For example, Title 21 U.S.C. §846 uses mandatory langua-
ge in order to require that a guilty defendant

> " ... shall be subject to the same penalties as those
> proscribed for the ofense, the commission of which
> was the object of the attempt or conspiracy."

"Proscribed for the offense" implicates both the statute per se and the
specific charging of the offense by the Grand Jury.  <u>Post-Apprendi</u>, it is now
reacknowledged as a direct consequence of the holding that culpable drug quan-
tity is an inherent element of a drug trafficking charge which must be pled in
particularity to notice the defendant with the exact crime for which is being
charged. <u>Neder v. U. S.</u>, 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999).

Boilerplate citation to 21 U.S.C. §841(a)(1) alone is structurally deficient as indictment pleading.

The United States Supreme Court recently decided the matter of <u>Edwards v. United States.</u> (62 CrL, 3176 3-4-98). In that case an extremely relevant discussion takes place as they are applied to the facts of the instant matter. [The quotes contained herein are taken verbatim from the Bureau of National Affairs Criminal Law Reporter, Volume 62, at page 3176].

> **Scalia observed that there are no penalties in section 841(a); therefore, he said, "Section 841(a) cannot be the object of the conspiracy under the language of Section 846."**
>
> **and:**
>
> **Dumont [Edward C. DuMont Assistant to the Solicitor General of the United States] disagreed, with Scalia's point and observed that the penalties for Section 841(a) are enumerated in Section 841 (b).**
>
> **and**
>
> **Scalia responded, that Section 841(b) then becomes part of the offense.**

In the instant matter the indictment failed to allege a violation of 21 U.S.C. §841(b), never states an essential element regarding the ...TOTAL... amounts of the alleged contraband, nor did the grand jury consider any of the organized crime related inuendo used to enhance, and was thus an invalid indictment that never placed the Defendant on notice as to what portion of the penalty provision would be applied to him.  Thus the entire series of events, that come after the arraignment are void, no matter if the conviction resulted from a plea, bench trial, or jury trial as various essential element's of the crime alleged, were not included as required under the Due process doctrine, in the charging indictments, and as such this Court lacked an jurisdiction whatsoever, to accept a plea, hold a trial or impose a sentence.

This Defendant was charged or convicted of a crime. Because, "to constitute a crime, the act in question must ordinarily be one to which is annexed, upon

conviction, a specified punishment. A statute declaring an act unlawful, but prescribing no penalty, does not create a crime ... " <u>21 Am Jur. 2d §5</u>. In Professor Wayne LaFave's words: "A crime is made up of two parts, forbidden conduct and a prescribed penalty. The former without the latter is no crime." <u>United States v. Martinez-Gonzales</u>, 89 F.Supp. 62, 64 (S.D.Cal.1950); 1 W. LaFave & A. Scott Jr., <u>Substantive Criminal Law §1.2(d)(1986)</u>; see <u>United States v. Evan</u>, 333 U.S. 483, 485 (1948); <u>United States v. Eaton</u>, 144 U.S. 677, 686 (1892).

## STATEMENT OF THE POTENTIAL CONSTITUTIONAL DEFICIENCIES

This fuller analysis of the decision in <u>Apprendi v. New Jersey</u> produces at least four distinct areas of the criminal process leading to conviction and sentence which must now be critically evaluated for the possibility of constitutional error in the review of this case:

1.  Whether the defendant was facially indicted for one statutory penalty, but sentenced to a greater statutory penalty;

2.  Whether the Grand Jury which returned the indictment deliberated on all the elements comprising the offense;

3.  Whether the indictment facially noticed the defendant in language sufficiently particular to inform him of the penalty for his possible conviction;

4.  Whether the sentencing of a convicted defendant has held him culpable for other crimes as relevant conduct in violation of his superior right to presumption of innocence.

## SUFFICIENCY OF THE INDICTMENT POST-APPRENDI

<u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 531 (2000), enunciated the following rule of constitutional law: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. With that exception, we endorse the statement of the rule set forth in the concurring opinions [Jones v. U. S.] in that case: "[I]t is constitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is ex-

-8-

posed.' It is equally clear that such facts must be established by proof beyond a reasonable doubt." (emphasis added). Id. at 120 S.Ct. 2362-63.

The quantity of drugs involved in a violation of §841 is an essential element of the offense if that fact exposes the defendant to a heightened maximum sentence under §841(b)(1)(A) or (B). A district court may not impose a sentence in excess of the maximum set forth in 21 U.S.C. §841(b)(1)(C) unless the benchmark quantity of cocaine base for an enhanced penalty is alleged in the indictment in addition to being submitted to the jury and proven beyond a reasonable doubt.

The precise question decided in Apprendi was limited to the legal status of facts which were not charged in the indictment, but were used after conviction to increase the imposable statutory sentence. But in answering that question, the Apprendi decision relies squarely on the axiomatice duty of an American Grand Jury to set the statutory penalty in the indictment: the indictment must contain particular language identifying the maximum penalty for the crime being charged. This seemingly lost requirement is dictated by further appreciation of the same precedent used to decide Apprendi.

Notably, jurisdictional defects, by contrast, cannot be procedurally defaulted. As federal courts, we are courts of limited jurisdiction, deriving our power solely from Article III of the Constitution and from the legislative acts of Congress. See Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). If the grand jury did not charge those elements, the government did not seek to prove a §841(b) offense, and the jury did not find the Defendant guilty of such an offense beyond a reasonable doubt, there was a lack of jurisdiction in the district court to sentence the Defendant for the enhanced §841(b)(1)(A) or (B) or (C) offense. When a sentencing error of jurisdictional proportion occurs, courts have expressly recognized that neither cause nor prejudice need be shown. See Harris v. U. S.,

-9-

149 F.3d 1304, 1308-1309 (11th Cir.1998); Jones v. U. S., 224 F.3d 1251, 1259-1260 (11th Cir.2000).

It is significant here that the Apprendi sentencing/jurisdictional error derived from the grand jury's failure to find probable cause as to all of the elements of the enhanced §841(b) offenses. The Fifth Amendment Indictment Clause is jurisdictional. Its violation has always been treated just as other jurisdictional defects - reversible per se without proof of prejudice. Stirone v. United States, 361 U.S. 212 (1960).

## JURISDICTION DEFECTIVE INDICTMENT REQUIRES DISMISSAL

An indictment is a prerequisite to jurisdiction over a criminal case in the federal court. See Ex parte Bain, 121 U.S. 1 (1887), where an indictment fails to allege each essential element of an offense, it fails to charge that offense. Jones v. U. S., 526 U.S. ___;   United States v. Tran, 243 F.3d 798, 806 (2nd Cir 2000).  A failure of the indictment to charge an offense may be treated as a jurisdictional defect.

Defendant's contends that the government may not constitutionally prosecute §841(a)(1) the prohibited unlawful acts in the absence of §841(b) prescribed penalty declared in the indictment, without the §841(b) penalty provisions prescribed in the indictment there is no crime, if there is no crime, there is no jurisdiction. See United States v. Tran, 234 F.3d at 809 ("failure of the indictment to allege all the essential elements of an offense is a jurisdictional defect requiring dismissal ..."). Id. at 809. Therefore, Defendant could not be found guilty to §841(b) penalty provisions or §841(a)(1) unlawful acts for that matter because failure to charge the §841(b) penalties, fails to charge that offense. Defendant's indictment requires dismissal for the government's failure to charge a federal offense and lack of subject matter.

## CONCLUSION

WHEREFORE, in light  of the foregoing it is clear from the government's act-

-10-

ions, in his indictment is jurisdictionally defective. With that being the case, this Honorable Court pursuant to the Laws of the United States, is required by U. S. Constitutional Mandate for lack of subject matter jurisdiction, to dismiss his indictments.

This day the 29th

of June, 2001.

RESPECTFULLY SUBMITTED,

_____

Jefferson Levine
55586-004, FDC-Miami
P. O. Box 019120
Miami, Florida 33101-9120

### DEFENDANT 'S OBJECTIONS AT SENTENCING HEARING

Defendant avers the following objections:

1.  SENTENCING ENTRAPMENT DEFENSE

2.  Defendant is constitutionally objecting to the drug amounts, that is being attributed to him.

3.  The cocaine base quantities should be converted to cocaine, pursuant to federal law.

### CERTIFICATE OF SERVICE

I, Jefferson Levine, do certify that true copies of Defendant's "MOTION", hereby have been furnished to:

Laurence M. Bardfeld, AUSA
Florida Bar No. 712450.
500 EAst Broward Boulevard, #700
Fort Lauderdale, Florida 33394

Robert I. Barrar, Jr.
Attorney-at-Law
4141 N. E. 2nd Ave. STE 203 A
Miami, Florida 33137

June 8, 2001

_____

Jefferson Levine

-11-