

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

October 09, 2002

RE: 01-14123-DD    USA v. Jefferson Levine
DC DKT NO.: 00-06353 CR-WPD

TO:  Clarence Maddox

CC:  Kathleen M. Williams

CC:  Brenda G. Bryn

CC:  Laura Thomas Rivero

CC:  Anne R. Schultz

CC:  Harriet Galvin

CC:  Laurence M. Bardfeld

CC:  Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

October 09, 2002

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301



RE: 01-14123-DD       USA v. Jefferson Levine
DC DKT NO.:  00-06353 CR-WPD

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (8-2002)

# United States Court of Appeals
For the Eleventh Circuit



No. 01-14123

District Court Docket No.
00-06353-CR-WPD

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Sep 9, 2002

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

JEFFERSON LEVINE,

    Defendant-Appellant.

--------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

--------------------------------------------------



## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

    Entered:    September 9, 2002
For the Court:    Thomas K. Kahn, Clerk
    By:    Eggleston, Nataki



[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



No. 01-14123

D. C. Docket No. 00-06353-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFERSON LEVINE,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(September 9, 2002)

Before DUBINA and BARKETT, Circuit Judges, and HODGES*, District Judge.

---

*Honorable Wm. Terrell Hodges, U. S. District Judge for the Middle District of Florida, sitting by destination.

PER CURIAM:

Jeffrey Levine ("Levine") appeals his conviction and sentence for possession with intent to distribute in excess of 50 grams of crack cocaine, 21 USC § 841. Levine was sentenced to life in prison.

Levine first argues that the district court erred when it admitted prejudicial hearsay evidence. Specifically, Levine argues that the court erroneously admitted Detective William Cunneen's hearsay testimony referring to a confidential informant's telephone conversations with Levine setting up a "deal" for the sale of crack cocaine. Levine argues that this hearsay testimony is not harmless because it provides corroboration in what is otherwise a very weak case. Levine also objects to the admission of detective Hector Meletich's audio statement made at the end of a videotape of a drug transaction wherein Meletich said "Levine got out of the passenger seat." Levine argues that the admission of Meletich's "trailer" on the videotape is reversible per se without proof of prejudice because it was hearsay that summarized the entire case and went back to the jury room in tangible form. Levine asserts that the cumulative prejudicial effect of these errors requires a new trial.

This Court reviews a district court's ruling on the admissibility of evidence for abuse of discretion. United States v. Schlei, 122 F.3d 944, 980 (11th Cir. 1997).

It is doubtful in this instance that either of these asserted hearsay statements constituted inadmissible hearsay in the first place. With respect to Cunneen's

2

references to the telephone calls between Levine and the confidential informant, Levine's argument assumes that the basis of Cunneen's testimony is what he was told by the confidential informant. The record shows, however, that these telephone calls were recorded by the investigating officers and it is equally likely that Cunneen's knowledge came from hearing the tape recordings of Levine's statements rather than the confidential informant's oral description of them. If so, Cunneen's testimony would not be hearsay; it would be admissible under Fed. R. Evid. 801(d)(2)(A). Similarly, with regard to Meletich's "trailer" on the videotape, he testified at trial concerning the videotape, was available for cross examination about the "trailer," and the cross examination in general attempted to undermine the accuracy and credibility of Meletich's testimony concerning the events depicted on the tape. Under those circumstances the trial court would be well within its discretion in admitting the "trailer" in any event as a prior consistent statement under Fed. R. Evid. 801(d)(1)(B).

Additionally, a district court's admission of hearsay evidence that is merely cumulative to other admissible evidence has no substantial influence on the outcome of the case and is therefore deemed harmless error. See generally Schlei, 122 F.3d at 980-81. We conclude that even if we assume the district court erred in admitting the asserted hearsay testimony, this potential error was harmless because such evidence was cumulative to other admissible evidence including eye witness testimony and in-court identifications.

Secondly, Levine argues that the indictment failed to provide notice of the maximum penalty he was facing because it alleged acts in violation of 21 USC § 841(a)(1) only and did not specify that he faced the possibility of an enhanced sentence pursuant to 21 USC § 841(b)(1)(A). Levine asserts that without notice from the indictment of the maximum penalty he was facing, he could not knowingly and intelligently decide whether to plead guilty or go to trial. Section 841(b) of 21 USC states that a person who violates section (a) "involving 50 grams or more of a mixture or substance [that] contains cocaine base . . . shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . ." 21 USC § 841(b)(1)(A). Levine's indictment parallels the statutory language under § 841(a)(1) and expressly alleges that Levine possessed more than 50 grams of cocaine base. We conclude that the indictment put Levine on notice of the possible penalties facing him, including the possibility of life imprisonment.

Levine also argues that this Court should adopt the reasoning of the Ninth Circuit in United States v. Buckland, 259 F.3d 1157 (9th Cir.), rehearing en banc granted, 265 F.3d 1085 (9th Cir. 2001), wherein a Panel of the Ninth Circuit held that 21 USC § 841(b)(1)(A) is facially unconstitutional after Apprendi.[1] Levine contends that § 841(b)(1)(A) is unconstitutional given Congress' clear legislative intent that

---

[1] The Ninth Circuit, sitting en banc, recently reversed the Panel opinion. United States v. Buckland, 289 F.3d 558 (9th Cir. 2002).

4

drug quantity be considered a sentencing factor to be found by the judge under a preponderance of the evidence standard.

Typically, this Court reviews the constitutionality of statutes <u>de novo</u>. <u>United States v. Reynolds</u>, 215 F.3d 1210, 1212 (11th Cir.), <u>cert. denied</u>, 121 U.S. 500 (2000). However, because Levine did not challenge below the constitutionality of § 841, he did not properly preserve his constitutional challenge for appeal, and this Court may, in its discretion, review his challenge only for plain error. <u>See United States v. Viscome</u>, 144 F.3d 1365, 1370 (11th Cir.), <u>cert. denied</u>, 525 U.S. 977 (1998). This Court has rejected a "facial challenge" to the constitutionality of § 841 in <u>United States v. Candelario</u>, 240 F.3d 1300, 1311 n. 16 (11th Cir. 2001), <u>cert. denied</u>, 533 U.S. 922 (2001). Thus, we conclude that Levine's constitutional challenge to § 841 is without merit.

Additionally, Levine argues that the district court erred in applying the career offender enhancement (U.S.S.G. §4B1.1) because the government did not prove by a preponderance of the evidence that a prior conviction in the name of "Jeffery Green" was an offense committed by Levine. This Court reviews the district court's factual findings for clear error. <u>United States v. Pinion</u>, 4 F.3d 941, 943 (11th Cir. 1993).

Upon reviewing the evidence presented by the government regarding Levine's prior convictions, including the testimony of the fingerprint analyst and booking

5

photographs, the district court concluded that the government established that Levine and "Jeffrey Green" were the same person, and, consequently, that Levine's two prior predicate convictions qualified him as a career offender. In light of this evidence, we conclude that the district court did not err in finding that Levine was a career offender.

Finally, Levine argues that the district court violated 18 USC § 3553(c)(1) by not stating in open court its reasons for imposing a life sentence. Levine acknowledges that the district court did cite to his criminal history in its written judgment as reason for imposition of a life sentence; however, he contends that this was justification for denial of his request for a downward departure rather than for imposition of a life sentence. The sentencing court must state its reasons for imposing a sentence if the range exceeds 24 months, and must tailor its comments to show that the sentence is appropriate. See United States v. Parrado, 911 F.2d 1567, 1572-73 (11th Cir. 1990), cert. denied, 498 U.S. 1104 (1991). Here the district court expressly relied upon Levine's criminal record as justification for its sentence at the high end of the sentencing guideline range, and the fact that the offender's record was also mentioned as a basis for denying the defendant's request for a downward departure in no way precluded the court's use of the same factor as a reason for the high end sentence.

6

Upon review of the pre-sentence investigation report, sentencing and trial transcripts, and upon consideration of the briefs of the parties, we find no reversible error.

For the foregoing reasons, we affirm Levine's sentence and conviction.

AFFIRMED.

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia