UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JEFFERSON LEVINE,  :
:
Petitioner,  :
:  CRIM.CASE NO. 00-6353-CR-WPD
vs.  :
:  CIV.CASE NO.
UNITED STATES OF AMERICA,  :
:
Respondent.  :
_____ :

## MOTION TO AMEND WITH SUPPLEMENTAL ARGUMENTS ON INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

**COMES NOW,** the petitioner Jefferson Levine, in propria persona acting as his own counsel, respectfully moves this Honorable Court to except petitioner Motion to Amend with Supplemental Arguments as to the ineffective assistance claims that petitioner has brought forth within his §2255 motion.

Petitioner states that he failed to include within his §2255 motion the standard of review as to his claims on ineffective assistance of counsel, and now requesting that this Honorable Court allow the petitioner to Amend these claims with this supplemental brief on his ineffective assistance of counsel claims.



## STANDARD REVIEW:
### ON INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Petitioner contends that the "burden of proof for showing ineffective assistance of counsel is on the petitioner throughout a habeas corpus proceeding. **Roberts v. Wainwright,** 666 F.2d 517, 519 n.3 (11th Cir.) cert.denied. 459 U.S. 878 (1982)

Ultimately, the petitioner must demonstrate that defense counsel's performance fell below an objective standard of reasonableness, and the error was prejudice to the petitioner. In **Strickland,** the court held:

> " a court deciding an actual ineffectiveness claim must judge
> the reasonableness of counsel's conduct on the facts of the
> particular case, veiwed as of the time of counsel's conduct.
> A convicted defendant making a claim of ineffective assistance
> must identify the acts or omissions of counsel that are alleged
> not to have been the result of reasonable professional judgment.

**Strickland,** 466 U.S. at 690.

In order to prevail on a claim of ineffective assistance of counsel, the petitioner must establish that, 1) his counsel's representation fell below an objective standard of reasonableness; and 2) but for the deficiency in representation, there is a reasonable probability that the results of the proceddings would have been different. **Strickland v. Washington,** 466 U.S. 688 (1984).

Petitioner must show that his counsel's performance was below constitutional standards, and that he suffered prejudice as a result. The standard for a claim of ineffective assistance of counsel on direct appeal is the same as that for ineffective assistance at trial. **Matire v. Wainwright,** 811 F.2d 1430, 1435 (11th Cir. 1987).

1

**Issue-1:**

Petitioner asserts that the Court was presented at sentencing tha petitioner had previously been convicted to two purported controlled substance ofense. (1) Delivery of Cocaine, Dkt. No. 91-1642-DF-10, and Sale of a Counterfeit Controlled Substance, Dkt No. 91-141-CF-10A.

Petitioner alleged that both trial and appellate counsel were ineffective by failing to propely investigate, object and rasie during sentencing, and on direct appeal that the application of career offender was erroneous applied under the U.S.S.G. 4B1.1.

Petitioner contends that neither of the two prior conviction should have been considered under §4B1.1 to enhance the petitioner as a career offender.

This information should have been discovered by counsel. Counsel should always conduct an independent investigation of thier clients' criminal histories, especially when, as in this case, the client faces an enhanced sentence as a career offender.

Neither trial nor appellate counsel conducted adequate independant review of the prior convictions, and the failure to do so in this case constitutes deficient performance.

It is the law that "possession of a controlled substance is "excluded as a predicate offense for the career offender criminal act. See, **United States v. Neal** 27 F.3d 90 (4th Cir. 1994); and **United States v. Kenyon,** 7 F.3d 783 (8th Cir. 1993). Also one of the controlling cases in this circuit as referred to **United States v. Hernandez,** 145 F.3d 1433, 1440 (11th Cir. 1998), the court held that:

> Even a charge under the possession <u>sale</u> and <u>delivery</u> staute i.e., **F.S. 893.13(1)(a)**, stating it was unlawful for any person to sell, purchase, deliver or possess with intent to sell **"was ambiguous and thus the rule <u>of lenity precluded its use as a factor to enhance under the [career criminal staute.]</u>**

**FLORIDA STATE STATUTE, 893.13(1)(a).**

2

Petitioner asserts that trial and appellate counsel should both be rendered ineffective by failing to properly review the State charges which does not meet the criteria of the provisions under §4B1.1, and by failing to review, this issue was in violations of petitioner's Constitutional Rights under the Sixth Amendment right to counsel. **Strickland,** makes clear that the defendant has the right to effective assistance of counsel. So the question under **Strickland** is it prejudice by failing to object to the enhanced sentence provsion under §4B1.1. This answer lies to this question in **Glover v. United States,** 531 U.S. ____, 148 L.Ed. 2d 604, 121 S.Ct.____,(2001), where the Supreme Court held that **"Any" deficient performace of counsel results in "Any" amount of increased jail time is prejudical.**

Had this fact been discovered, and presentened at either sentencing or on appeal, there is more that a reasonable likelihood that petitioner would not have been sentenced as a career offender.

There is no paucity of law in the area of an accused's rights to counsel. It is anchored in the Sixth Amendment of the United States Constitution.

Six propositions of an accused rights are highlighted in **Kimmelman v. Morrison,** 477 U.S. 365, 91 L.Ed. 2d 305, 105 S.Ct. 2574 (1986):

FIRST:

"The right to counsel is a fundamental right of a criminal defendant, it assures the fairness, and thus the legitimacy of our adversary process..the essence of an ineffective assistance of counsel claim is that counsel's unprofessional errors so upset the balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." (91 L.Ed. 2d 305 at 320).

SECOND:

"The right of an accused to counsel is a fundamental right. The right of one charged with crime to counsel may not be deemed fundamental and essential

3

to fair trials in some counties..but it is in ours. Without counsel the
right to a fiar trial itself would be of little consequence for it is through
counsel that the accused secures his other rights." (91 L.Ed. 2d 305 at
320).

THIRD:

"Of all the rights that an accused person has, the right to be represented
by counsel is by far the most pervasive, for it effects his ability to assert
other rights he may have.' The Constitutional guarantee of counsel, however,
cannot be satisfied by mere formal appointment..an accused is entitled to
be assistaed by an attorney, whether retained or appointed, wjo playes the
role necessary to ensure that the trial is fair. In other words, the right
to counsel is the right to <u>effective</u> assistance of counsel."(91 L.Ed.2d
305 at 321).

FOURTH:

"A layman will ordinarily be unable to recognize counsel's errors,
and evaluate counsel's professional performance..consequently a criminal
defendant will rarley know that he has not been represented competently
until after trial or appeal, (emphasis added), usually when he consults
another lawyer about the case. Indeed an accused will often not realize
that he has a meritorious ineffectiveness claim until he begins collateral
review proceeding, aprticulary if he retained trial counsel on direct appeal."
(91 L.Ed.2d 305 at 321).

FIFTH:

"The Sixth Amendment mandates that the state bear the risk of constitutionally
deficient assistance of counsel. See, **Murray v. Carrier,** post at 488 91
L.Ed. 2d 379, 106 S.Ct. 2639,(where a procedual default is the result of

4

counsel, the Sixth Amendment itself requires the responsibility for the default be imputed to the state.") **Cuyler,** infra, at 344, 64 L.Ed.2d 633, 100 S.Ct. 1708,(The right to counsel prevents the state from conducting trials at which persons who face incarceration must defend themselves without adequate legal assistance." Also see, **Evitts**, infra, at 396, 83 L.Ed. 2d 821, 105 S.Ct. 830, which states: (The constitutional mandate is addressed to the action of the state.") (91 L.Ed. 2d 305 at 322.)

SIXTH:

"In order to establish ineffective representation, the defendant must prove both incometence and prejudice, as decided in **Strickland,**infar," (91 L.Ed. 2d 305 at 323).

This six propositions established the parameters for review of counsel's conduct.

In **Strickland v. Washington,** 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), the Supreme Court established a two prong test to evaluate an ineffective claim; to wit:

(1)   That counsel's deficient performance fell below an objective standard of reasonableness.

(2)   That counsel's deficient performance prejudiced the defendant resulting in an unreliable fundamentally unfair outcome of the proceeding.

In other words, as stated in **Hooper v. United States,** 112 F.3d (2nd Cir. 1997);

"In order to establish a constitutioan claim of ineffective assistance of counsel, a convicted defendant must show both:

(1)   "That counsel's performance fell below an objective standard of reasonableness, and

(2)   That but for the deficiency of counsel's performance, the likelyhood of the outcome of the proceedings would have been different.

Then in **Lindstadt v. Keane,** 239 F.3d 191 (2nd Cir. 2001) the court

5

observed:

"We need not decide whether one or another or less then all of these
four errors would suffice, because **Strickland,** directs us to look at the
'totality of the evidence before a judge or jury,' keeping in mind that
[s]ome errors [ ] have..'a pervasive effect on the inferences to be drawn
from the evidence, altering the entire evidentiary picture.." **Id.** at 695-
96, 104 S.Ct. 2052. We therefore consider these errors in the aggregate.
See, **Moore v. Johnson,** 194 F.3d 586, 619 (5th Cir. 1999), holding that;
court should examine cumulative effect of errors committed by counsel across
both trial and sentencing and appeal. (emphasis added) **Stouffer v. Reynolds,**
168 F.3d 1155, 1163-64 (10th Cir. 1999); "Taken alone, no one instance establishes
deficient representation. However, cumulatively, each failure underscores
a fundamental lack of formulation and direction in presenting a coherent
defense." cf. **Rodriguez v. Hoke,** 928 F.2d 534, 538 (2nd Cir. 1991) (dismissing
case for failure to exhaust claims, but noting, [s]ince **Rodriguez's** claim
of ineffective assistance of counsel can turn on the cumulative effect of
all counsel's actions, all his allegations of ineffective assistance should
be reviewed together.")

Then in **Pavel v. Hollins,** 261 F.3d 210 (2nd Cir.2001), the court
said;

> "**Pavel** claims the Meltzer's representation of him was unprofessional
> to the point of being constitutionally deficient." **Strickland** 466
> U.S. at 687, 104 S.Ct. 2052. (We agree).

As discussed below, Meltzer's representation of **Pavel,** was flawed
in three distinct ways. Because we concluded that the cumulative weight
of these flaws deprived **Pavel** of his Sixth Amendment rights, see post
at 225, e.g., **Lindstadt,** 239 F.3d at 199,(holding that for Sixth Amendment
purposes attorney errors must be considered "in the aggregate," we do not

consider whether **Some** of these flaws---standing alone, or in combination with one another could adequately support our conclusion that Meltzer's representation of **Pavel** was constitutionally deficient.

In **Pavel, supra,** the court found that attorney error must be considered "in the aggregate" and that the cumulative effect of three errors, including the failure to call important fact witnesses and the improper handling of medical evidence mandated a new trial. In **Linstadt v. Keane,**supra, the court found that the cumulative effect of four errors by counsel, including the failure to adequately investiagte, mandated a new trial.

Here, we have an "aggregate" of counsel errors.

(1)    Trial and appellate counsel were ineffective by failing to investigate object to and raise during sentencing and on direct appeal that the petitioner was erroneous sentenced under the application of §4B1.1 of the U.S.S.G.

(2)    Counsel was ineffective by failing to object to the court and prosecutors use of an element that constructively amended the indictment,

(3)    Counsel was ineffective by failing to file pre-trial motion to suppress after requesting to do so.

(4)    The district court erronerous incresed petitioner criminal history category on related cases that were consolidated or related to each other.

(5)    Counsel was ineffective by allowing the Court to instruct the jury on the **Allen Charge** without objecting.

(6)    Counsel was ineffective by failing to object to the jury's request to have Video Tape during jury deliberations.

(7)    Appellate counsel was ineffective by failing to raise these issues during direct appeal denying petitioner his Constitutional right to perfect a direct appeal.

Petitioner contends that due to these errors the impact of petitioner trial and sentence was a complete miscarriage of justice, that the above

allegations that the petitioner is raising not only meets that standard two-pronf test of **Strickland**, but that also of **Matire**, **Glover**, **Kimmelman**, **Murry**, **Hooper**, **Lindstadt**, **Cuyler**, **Rodriguez**, **Pavel**, and **Durrive**.

**Issue-2:** Petitioner contends that as to **Issue-2**, that counsel was ineffective by failing to object to the court and prosecutor's use of an element that constructively amended the indictment.

Petitioner asserts that during trial the Honorable Court and the prosecution constructively amended the indictment by given improper instructions to the jury on an element that was not made part of the indictment. See, Page 133. The court defined the definition for the word "Willfully" and further states that; I don't know that there is a "Willfully" in the indictment, but there is an intentionally.

Petitioner contends that his counsel should have objected to the use of "Willfully" due to the fact it only gave the prosection more of an advantage to influnce the jury with more elements.

Its counsel responsibility to object to an issue that is being used that could possible hurt his client during a trial proceeding, and by allowing not only this court, but the prosection to constructively amend the indictment was nothing more than allowing the prosecution to broaden the elements of the offenses that the petitioner was charged with.

As stated in this circuit in **United States v. Cancelliere,** 69 F.3d 1116, 1121-22 (11th Cir. 1995) **Cancelliere** conviction was reveresed when his indictment erroneously required "willfulness" as an element of money laundering offense even though instructions to jury amended charge to permit conviction without 'willfulness' element, because redaction impermissbly broaden bases for conviction.

8

The court properly considered using the proper jury instruction, but instead used an improper instruction that constructively amended petitioner's indictment, that broaden the offense against the petitioner.

Petitioner contends that "Willfully" has a definition of it's own, an element that has to be proved that the petitioner did in fact do this crime "Willfully." It's bad enough being charged with the elements that are all ready listed in the indictment, and to add an element does nothing more than prejudice the petitioner going to trial with an extra element that has to be proving.

The court instructed the jury that "Willfully" as that term is used in the indictment, or in these instructions means that the act was committed voluntary and purposefully with the specific intent to do something the law forbids, that is, with bad purpose either to disobey or disregard the law.

Would it be fair to say that without the element of "Willfully" that the jury would have returned a verdict of guilty on intentionally, by improperly instructing the jury the jury was put into a position that they had to find that the petitioner "Willfully" with the intention did commit the offense.

Petitioner contends that during the time of the drug transaction even though it was not the petitioner in the car, there was two subjects in the car that pulled up to make the drug transaction, the subject that got out of the passenger seat to bring the drugs to the informant and agent whats to say that this person was not doing so under his own admission, that he was not "Willfully" being threaten to conduct this drug deal, and that his acts were not intentionally, knowingly, or voluntarily, and especialy not in a "Willfully" manner. But due to the fact this argument did not arise during trial counsel should have or could have objected to the court's and the prosecutions use of the element of "Willfully" that was not an element of the offense. It is counsel's responsibility to object to an error that

9

is being made during trial, and by not objecting to the court's use of the
element "Willfully" was nothing more than a miscarriage of justice.

Counsel should have known that "Constructive Amendment" to the indictment
occures when the **prosecution "or" the court** either literally or constructively
**"alters"** the charging terms of an indictment after it's been returned by
the grand jury, and by doing so does nothing more than broading the offense
against the defendant.

Whats to say that the jury did not make it decision just on the element
of Willfully" and if so, then the petitioner was found guilty on an offense
that he may not have committed. The prosections stated on Page 140 of the
trial transcripts that the defendant can only be found guilty if **'all'** of
the facts are proved beyond a doubt, that the defendant knowingly and "willfully"
possessed cocaine base. What the prosecution done here was completely reconstruct
the indictment to not only influnce the jury, but broaden the elements of
the offense.

Petitioner contends that "an attorney owes the duties of a fiduciary
to his or her client and must, "faithfully, honestly, and consistently represent
the interest and protect the rights of his or her client. See, **Am.Jur.2d,
Attorney's at Law, 137 and 138.**  This was not done in the case of petitioner,
that counsel's deficient performance prejudiced the petitioner resulting
in an unreliable or fundamentally unfair outcome of the proceedings.

Petitioner has shown prejudice and cause for one petitioner was prejudice
by counsel's failure to object to the use of the court and prosecution altering
the indictment by adding the element of "Willfully" and but for the altering
done nothing more than broading the offense against the petitioner. And due
to the deficiency in representation there is a reasonable probability that
the results of the proceedings would have been different, for the mere fact
there was nothing to say that the subject did "Willfully" intent to carry
out this offense.

<u>Issue-3:</u>

     Counsel was ineffective by failing to file pre-trial motion to suppress.

     Pursuant to Rule 12(b)(3) Fed.R.Crim.P. counsel should have filed during pre-trial a motion to suppress all physcial evidence and statements made during the course of the offense that petitioner was charged with.

     If counsel would have filed the motion to suppress the evidence and statements that were used against the petitioner during trial, the outcome of the proceeedings would have been different, if the court would have granted the motion to suppress.

     But due to counsel's incompetent decision not to file the motion to suppress, allowed the government to bring into trial "all" the evidence that the prosecution had obtain against the petitioner.

     It's not whether or not the court would have granted the motion to suppress the evidence or statements, it's the mere fact that counsel failed to even attempt to get the evidence and statements suppress, is alone prejudice against the petitioner.

     Petitioner contends that the government was allowed to not only use alleges dates for the September 20 the aborted drug deal, but also was allowed to use statements made by the petitioner during a telephine conversation.

     The petitioner was acquited as to the September 14,charge in Count-1, involving his alleged activity on September 14th. What the jury convicted the petitioner on was Count-2, the aborted drug transaction that took place on September 20th. This is what lead the jury into the transaction that took place on the 21th of September.

     Petitioner contends that counsel should have moved to suppress the phone recordings that were taped during the aborted transaction that was conducted on the 20th of September, that these records consist of a deal that was being made to set up to purchase four-and-a-half ounces of crack cocaine.

11

Also counsel should have moved to suppress the Video
Tape that was used in trial. There was no direct evidence that the person
on the tape was that in fact petitioner. The only thing that convicted
the petitioner as to Count-2 was at the end of the tape when the officer
says the name, **Levine** there was no direct shot of this person on the Video
Tape, and this should have not been enough evidence to find the petitioner
guilty.

If counsel would have properly investigated it would have come to
light during trial that they are over **"a hundred "Levine's" listed in the
telephone book"** there is in fact another "Jefferson Levine" listed in the
phone book. What's to say that this (Jefferson Levine) is not the one that
committed the offense, that the petitioner is convicted of, or that matter,
what's to say that it isn't one of the hundreds that are listed in the
phone book didn't commit this crime.

Was it prejudice against the petitioner that counsel did not use
this stragey during trial? The answer to this question is "Yes" it could
have made a great impact on the jury's determination as to the guilt of
petitioner. And to take this strategy even further, counsel could have
run an NCIC on the other "Jefferson Levine" and a more then likelyhood
this person would have had a prior felony, or even a drug conviction, but
what's to say that a great prossibility that even more than half of the
"Levine's" listed hadn't been convicted of a felony or drug offense at
one time or another.

Petitioner contends that the jury acquited him on Count-1 of the
September 14 transaction, if counsel would have moved to suppress this
count at the begining since the jury could not find any sufficient evidence
to find the petitioner guilty of this offense, a more then likelyhood that

if the counsel would have moved to suppress this count, the court itself
my have not found enough evidence to charge the petitioner with  this count.

It was this Count-1 that started the whole investiagtion, and the
testimony from the witnesses that lead this count into the following count's
in the indictment.

And would it be fair to say that had counsel moved to suppress the
telephone recording made on the 20th of September,.....the court would
have granted this motion. Counsel should have known that these recording's
should have been suppress for the mere fact it's was the 20st of September
aborted deal that lead into the September 21st deal, counsel's responsibility
to his client is to move to suppress all physical evidence and statement's
at pre-trial. This motion is the most criticale motion to be filed especially
when his client is proceeding to trial.

Petitioner contends that had all this evidence been suppressed the
outcome of the trial would have been diferent, and by counsel's failure
to move to suppress was not only prejudice but gave the prosecution evidence
that should have not even been used during trial, and would have not been
used if counsel would have properly done his job. Even if the court would
have denied the motion to suppress, this would have open the door for the
issue to have been brought up on direct appeal, and the Eleventh Circuit
may have seen things different then that of the district court.

Petitioner has shown both prejudice and that counsel's performance
was in fact deficiency, and there would have been a reasonable probability
that the results of the proceedings would have or could have been different
if counsel would have filed the pre-trial motion to suppress.

13

As to the second prong in **Strickland** would the outcome been different? The answer is "Yes" if the court does find that this issue has meirts, and the argument is true to the facts, then the prior conviction in the listed case number's herein would have been consolidated and treated as one, and only one of the prior would have recieved criminal history points, which then petitioner would have only one prior conviction if the court doesn't find that petitioner does not meet the cirterial as argued in "Issue-one" of this motion.

Petitioner contends that is was counsel responsibility to know the sentencing guidelines in order to prepair for petitioner's sentence, and by failing not to know the guidelines in a proper manner, cost the petitioner an enhanced sentence under the criminal history category.

This was all in violations of petitioner Constitutional Rights under the Sixth Amendment right to competent and effective assistance of counsel.

Again citing, **Glover v. United States**, 531 U.S. ____, 148 L.Ed.2d. 604, 121 S.Ct.____, (2001), the Supreme held that "any" deficient performance of counsel results in "any" amount of jail time is "prejudice." Also in **Brownlee v. Haley**, No.00-15858 (11th Cir. Sept.16,2002) this Circuit reversed and remanded a death penalty conviction due to counsel's failure to investigate the facts for sentencing, that failure to prepare at sentencing strikes at the heart of the Sixth Amendment Right to effective assistance of counsel under **Strickland.**

Petitioner contends that this issue should have been objected to to preserve the issue for direct appeal, counsel should be found in fault here also, because petitioner has the right to effective assistance of counsel on direct, and by failing to raise this issue on direct even though it was not raised during sentencing would not have procedual barred the appellate counsel from raising the issue. **Massaro v. United States,** 2003 WL 1916677 (US) No. 01-1559.

**Issue-5:**

Counsel was ineffective by allowing the Court to instruct the jury

on **Allen Charge.**

Petitioner contends that not only was it prejudice against the petitioner

by counsel's failure to fully expain to the petitioner the direct consequences

of the court given the **Allen** charge, but also prejudice buy counsel failing

to inform petitioner that since the jury has been dead-locked for approximately

three-and-half-hours, that counsel could request a mistrial, and had petitioner

known that the court was going to do noting but coercive the jury with

it's **Allen** charge instruction  the petitioner would have reuqested that

his attorney declare a mistrial.

Petitioner contends that counsel should have objected to the way

the court instructed the jury, for one, the way the court instructed the

jury was nothing more than a deliberarte way into coercive the jury into

returing a verdict of guilty, two by the way the court gave the instruction

was also prejudice , buy first informing the jury that:

(1) Telling the jury that it was 5:00 and that they could keep
deliberating, but the court could not get them dinner, See
**United States v. Hotz,** 620 F.2d 5, 6-7 inability to get dinner
for jury to continue deliberation after dead lock was reversible
error.

(2) Buy informing the jury that this trial has been expensive in
time, effort, and money and emotional strain to both the defense
and the prosecution. If you should fail to agree upon a verdict
this case will be left open **"and may"** have to be tried again.
Obviously another trial would only serve to **increase the cost
to both sides.**

First and foremost the court should have not instructed the jury

that the court would not beable to supply the jury dinner if they kept

deliberating, and buy the court informing the jury that another trial would

increase the cost to both sides, was noting more than clear coercive, because

after the jury was **Allen** charged the jury come back with a verdict of guilty

to count-two in less than an hour, after being dead-lock for almost two

days.

It is clear that if counsel would have requested that the trial be declared a mistrial, a great possiblilty would have been that Petitioner would have reach some type of plea bargin to keep from trying the case over, but counsel never infomed the petitioner of this possibility, all counsel told the petitioner is that the **Allen** charge is an instruction to the jury to make a decision.

Petitioner contends that had counsel fully discused the outcome of the **Allen** charge the decision of the petitioner would have been to request that counsel move for a mistrial and for the case to be tried over. But this was not done. By given the **Allen** charge affected the outcome of this trial and the jury's determination as to Count-two.

It should also be brought to light that the court also failed to determine whether the jury was truly deadlocked.

As stated in the <u>First</u> propostions in **Kimmelman,** the right to counsel is a fundamental right, it assures the <u>fairness</u> and thus thelegitimacy of our adversary process the essence of an ineffective assistance of counsel clam is that counsel's unprofessional errors so upset the balance between defense and prosection that the trial was rendered unfair and **the verdict rendered suspect."** (91 L.Ed.2d 305 at 320).

This is exectly what as accured in petitioner case not only was this trial unfair, but the verdict was clearly suspect. Trial stragey is one thing, but counsel throwing his client out like a piece of meat for the dogs to eat is another thing. What's to say that a new trial would have not brought in a different verdict, counsel was only concerned for one thing, and that was not to disrespect the court by requesting a mistrial due to **"the cost and time to re-tried the case."** Has petitioner shown prejudice?

"Yes." If counsel would have expained to petitioner that if the court would have declared a mistrial, then a great possibility would be that the prosection may come to petitioner with some type of plea bargin to keep from re-trying the case. Would there had been a different outcome in the proceedings "Yes" due to the fact that the petitioner may have changed his plea and request that defense counsel get in touch with the prosecution to see if some type of plea bargin could be worked out, to keep from trying the case over.

Counsel performance was deificent to the point that by requesting that the jury be **Allen** charged was noting more than giving the petitioner a life sentence himself. Petitioner did not no of the full consequences of the **Allen** charge an issue that should have been discussed before going to trial with petitioner, and by counsel's failure to fully expain the ratual of the **Allen** charge was noting more then a way to abandon the petitioner during his trial. It's counsel responsibility to inform and expain the details of what could and can happen during trial, and the **Allen** charge is one of them.

This court should find that counsel perfomance was below a standard of reasonableness and but for the deficiency in his representation there would have been a reasonable probability that the results of the proceedings would have been different had counsel requested that the court move for a mistrial instead of **Allen** charging the jury.

18

**Issue-6:**

Counsel was ineffective by failing to object to the jury's request to have the Video Tape replayed during jury deliberations.

Counsel was ineffective by failing to object to the jury's request to have the Video Tape taken back into the jury's deliberation room to review the tape again.

Petitioner contends that it was prejudice when this court allowed the reply of the video-tape during jury deliberation because this is equivant to allowing the live witness to testify again, without defense being able to cross-examine the witness. See, **United States v. Binder,** 769 F.2d 600-01, n.1 (9th Cir. 1985).

Furthermore, had counsel filed the pre-trial motion to suppress this video-tape a more than likelyhood this court would have granted the suppression for the mere fact the video tape failed to demonstrate any real evidence against the petitioner.

Petitioner contends that the only evidence that the jury could have found on the video tape is the officer just mentioning the name "Levine" and it was brought up more than once that the government did not call an expert in to analyise the recording of the voice on the tape, this alone is ineefective assistance of counsel, for one defense counsel should have requested it's on voice exemplar of the video tape, and by allowing the jury to take the video tape into deliberation was a complete miscarriage of justice.

Petitioner contends that he was prejudice from the start, buy one counsel's failure to file a motion to suppress this video, and two by allowing the government to use the tape at trial to identify Petitioner if Petitioner was not permitted to use a tape exemplar to show that the voice on the tape was not his. This issue alone should have been objected to, to preserve

this issue for direct appeal. In **Taylor v. United States,** 759, A.2d 604
(D.C. 2000), the Court of Appeals held that appellant has established "cause
and prejudice" for failing to raise the issue that the government should
not have been able to use tape to identify Tayor if Taylor was not permitted
to use a tape exemplar to show that the voice on the tape was not his.

Petitioner asserts that the video tape was irrelevent as evidence
due to the fact that there was no direct proof that the person on the video
tape was that in fact the petitioner without some type of voice exemplar
to prove beyond a reasonable doubt that the voice on the tape was petitioner's.

Petitioner has shown "cause and prejudice" to the fact that had counsel
objected to the use of the tape during pre-trial suppession that was not
filed a reasonable outcome of the proceedings would have been different,
due to the fact that the jury just heard the name "Levine" and took into
consideration that the "Levine" that they heard was the same standing trial
without more.

Again counsel could ahve used a different approach in trial stragey
had he introduced the hundreds of Levine's that are listed in the phone
book to show the jury that there is no way of knowing without the video
tape showing that the person on the tape was in fact that of the petitioner.

There was never mention by the informant or the officer in the video
tape the full name of the subject doing the drug transaction, even if the
petitioner first name did come up during the video tape conversation, this
is still not enough proof to tie the petitioner at the scene of the crime
for one if the court will refer to the phone book the court will see that
there is another Jefferson Levine listed in the phone book that lives within
the same surrounding of that of petitioner. Again petitioner has shown
that by using the video tape without more was prejudice, and had the tape
been suppress the outcome would have been different.

**Issue-7:**

Petitioner contends that Appellate counsel was ineffective by failing to raise these issue's on direct appeal denying the petitioner his constitutional right to a perfect direct.

The issues that are brought forth within this §2255 should have been raised during direct appeal. Therefore the court should consider these errors in the aggregate. See, **Moore v. Johnson,** 194 F.3d 586, 619 (5th Cir.1999) holding that, the court should examine cumulative effects of errors committed by counsel across both trial, sentencing, and appeal.

Also in **Stouffer v. Reynolds,** 168 F.3d 1155, 1163-64 (10th Cir.1999), taken alone, no one instance establishes deficient representation. However, cumulatively, each failure underscores a fundamental lack of formulation and direction in presenting a coherent defense.

It is not whether the appellate court would have reversed any of these issues, it's the mere fact that counsel should have atleast tried to raise these issue's for direct. This clearly shows that petitioner was in fact prejudice. The suppression argument alone could have made a different in the outcome of the trial and on direct appeal. There's nothing to say that the Eleventh Circuit would have not over turned this case due to the errors that were made, but by failing to file these issues on direct the outcome will never be known unless this Honorable Court review the issues as to the merits.

Petitioner contends in the now lastest case on the issue of ineffective counsel the Supreme Court of the United States said in **Wiggins v. Smith,\_\_,U.S.\_\_, 15 L.Ed.2d. 471 123 S.Ct. 2572(2003),** that an assumption by the lower court that defense counsel's investiagtion were adequate or that his limited investiagtion was tactical or strategic decision was an unreasonable application of **Strickland.**

**Wiggins** appears to be an important development in the evolution of ineffective assistance claims. State and federal courts can no longer deny post conviction motions and habease petition's based on the assumption that the challenged conduct of defense counsel was tactical or strategic. and can no longer rely on the assumption that the challenged conduct was therefore automatically reasonable. **Wiggins,** indicates the motion court and the habease court have a duty to ask the attorney to provide an explanation for the challenged conduct, and a duty to make a determination whether the attorney's explanation is reasonable.

In **Wiggins,** the sentence was vacated because counsel's failure to investigate of patential migrating evidence was incomplete. This is precisely the case here.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Amend with Supplemental arguments on petitioner claims of ineffective assistance of counsel was forwarded by U.S. Mail postage preapid to the below following:

United States District Court
Southern District of Florida
Ft. Lauderdale Division
Clerk of the Court
Ft. Lauderdale, Florida 33394

Laurence M. Bardfeld
AUSA
500 E. Broward Blvd.
7th Floor
Ft. Lauderdale, Fl. 33394-3002

Acknowledged on this the 15 day of September 2003.

Respectfully submitted

Jefferson Levine
Reg. No. 55586-004
Fed.Corr.Cpx-USP
P.O. Box 1033
Coleman,Fl. 33521-1033

cc: JL/jdb
Clerk/
AUSA
Admin.Filed(1)