UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.

SEP 2 3 2003

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

JEFFERSON LEVINE,   CASE NO. 03-61711-CIV-DIMITROULEAS
   (00-6353-CR-DIMITROULEAS)
    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

### FINAL JUDGMENT AND ORDER DENYING MOTION TO VACATE

THIS CAUSE having been heard upon Petitioner's (Levine) September 3, 2003 Motion to Vacate [DE-1] and Memorandum of Law [DE-2] and the Court having considered Levine's September 22, 2003 Supplemental arguments and the deciding not to wait for the Government's Response, having presided over the trial of this cause and having reviewed the court file, transcripts, and Pre-Sentence Investigation (PSI), finds as follows:

1. On December 14, 2000 Levine was indicted and charged with two counts of Possession with Intent to Distribute over 5 grams of crack cocaine. [CR-DE-3]. The crimes occurred on or about September 14 and 21, 2000, respectively.

2. Trial commenced on March 26, 2001. [CR-DE-28]. The jury began their deliberations on March 27, 2001, [CR-DE-33, p. 2] and they deliberated about two hours. [DE-67, pp. 178-181]. On March 28, 2001, they requested a video machine so that they could play a videotape in the jury room. [CR-DE-33, p. 3].[1]  There was no objection. [CR-DE-68, p. 2]. After a total of three and one-half (3 ½) hours of deliberations, the jury sent out a note indicating that they were

---

[1] Levine does not appear in the videotape. [CR-DE-58, p. 11] and [CR-DE-66, p. 150].

1



deadlocked and could not reach a unanimous decision. [CR-DE-33, p. 4] and [CR-DE-68, p. 2]. Defense counsel indicated that they had not deliberated that long. [CR-DE-68, p. 2]. After consulting with Levine, defense counsel agreed to this court's giving the Allen[2] charge. [CR-DE-68, p. 3]. The standard Allen charge was given. [CR-DE-68, pp. 4-5]. There was no objection. [CR-DE-68, p. 6]. At 2:00 P.M. the jury reached a verdict. [CR-DE-33, p. 8]. Levine was found guilty of Count Two, the September 21, 2000 incident. [CR-DE-34].

    3. On June 25, 2001, Levine filed objections to the (PSI). He objected to being classified as a career offender. [CR-DE-44]. He contended that he did not remember a conviction in case number 91-141-CF, Sale of a Counterfeit Controlled Substance. He also contended that that conviction did not qualify as a controlled substance offense.

    4. On July 16, 2001, Levine was sentenced to Life in Prison. [CR-DE-51]. At sentencing a fingerprint expert testified that the Jeffrey Green in the 91-141-CF conviction was Levine. [CR-DE-70, pp. 3, 24-25]. Moreover, it was established in the PSI that the two prior felony offenses occurred on different days, were filed in separate informations and the sentencings occurred before different judges on different days. [CR-DE-69, p. 5]. The court rejected the argument that a concurrent sentence prevents two convictions from being considered to be separate convictions for career offender purposes. See U.S. v. Maro, 272 F. 3d 817, 824 (7th Cir. 2001), cert. denied, 122 S. Ct. 1632 (2002). The court found Levine to be a career offender.

    5. On September 9, 2002, the Eleventh Circuit Court of Appeals affirmed. In part, the appellate court found that this court did not err in finding Levine to be a career offender. U.S. v. Levine, 49 Fed. Appx. 287 (11th Cir. 2002). Mandate issued on October 9, 2002. [CR-DE-75].

---

    [2]Allen v. U.S., 17 S. Ct. 154 (1896).

6. In this timely Motion to Vacate, Levine makes the following complaints:

    A.    Trial counsel was ineffective in not objecting to a career offender classification.

    B.    Trial counsel was ineffective in not objecting to the constructive amendment of the indictment.

    C.    Trial counsel was ineffective in not filing a Motion to Suppress.

    D.    Trial counsel was ineffective in not objecting to the scoring of related convictions.

    E.    Trial counsel was ineffective in not objecting to the Allen[3] charge.

    F.    Trial counsel was ineffective in allowing the video tape to be played in the jury room during deliberations.

    G.    Appellate counsel was ineffective in failing to raise these issues on appeal.

7. First, counsel did object to a career offender classification. He filed a written objection. [CR-DE-44]. He objected at the June 29, 2001 sentencing hearing. [CR-DE-69, pp. 4-6]. Based upon those objections, Levine's sentencing was reset. [CR-DE-69, p. 12]. On July 16, 2001, after an evidentiary hearing, the court found that Levine had the two prior predicate drug convictions[3] to qualify as a career offender and declared him to be one. [CR-DE-70, p. 36-39]. Therefore, counsel can not be faulted for this court determining Levine to be a career offender. Trial counsel objected and the court ruled. Trial counsel was not ineffective. The remedy for Levine was to appeal this court's ruling, which he did and lost. Matters litigated on appeal should

---

[3]Allen v. U.S., 17 S. Ct. 154 (1896).

[3]Levine was arrested for Sale of a Counterfeit Controlled Substance on January 3, 1991, under the name Jeffrey Green. He bonded out of jail and was then arrested for Delivery of Cocaine on January 25, 1991. [PSI, pp. 8-9], U.S. v. Duty, 302 F. 3d 1240, 1242 (11th Cir. 2002).

3

not be heard again on collateral attack, U.S. v. Sanin, 252 F. 3d 79, 83 (2d Cir.), cert. denied, 122 S. Ct. 492 (2001), even under the guise of an ineffective assistance of counsel claim. U.S. v. Nyhuis, 211 F. 3d 1340, 1343 (11th Cir. 2000), cert. denied, 121 S. Ct. 892 (2001). Finally, the court properly determined that Levine was a career offender. He had two separate felony controlled substance convictions.[4] They were not related offenses. They had separate docket numbers and separate judgments. U.S. v. Martinez, 320 F. 3d 1285, 1288 (11th Cir. 2003), see also U.S. v. Brothers, 316 F. 3d 120, 124 (2d Cir. 2003). They were not consolidated. Buford v. U.S., 121 S. Ct. 1276 (2001). Sale of a counterfeit controlled substance is a predicate offense for a career offender classification. U.S.S.C. § 4B1.2(b); U.S. v. Sandoval-Venegas, 292 F. 3d 1101, 1107 (9th Cir. 2002); U.,S. v. Elkins, 63 Fed. Appx. 859, 860 (6th Cir. 2003). Delivery of cocaine is also a predicate offense for a career offender classification. U.S. v. Govan, 293 F. 3d 1248, 1250 (11th Cir. 2002).

8. Second, Levine complains that trial counsel was not effective because he did not object to the indictments being constructively amended. There was no constructive amendment of the indictment. Levine was charged and convicted of criminal activity occurring on September 21, 2000. The court's admitting testimony about an aborted drug deal on September 20, 2000 did not constructively amend the indictment. Moreover, trial counsel objected to that evidence. [CR-DE-67, p. 10]. The Court overruled the objection, finding the evidence to be relevant. Again, counsel can not be deemed ineffective for objecting and the court's ruling against him. The remedy was an appeal. However, the evidence was admissible; therefore no error occurred.

---

[4]Arguably, Levine also had a crime of violence conviction: Battery on a Law Enforcement Officer, U.S. v. Bissonette, 281 F. 3d 645 (7th Cir. 2002); U.S. v. Jones, 235 F. 3d 342, 345 (1st Cir. 2000).

Additionally, Levine complains that this court erred in defining "willfully" in the jury instructions. However, trial counsel wanted the instruction. [CR-DE-67, p. 133]. The instruction did not broaden the basis for a conviction, it restricted it. No prejudice can be shown, especially where the instruction only made it harder for the prosecutor to prove the case. There is no substantial likelihood that Levine was convicted of an offense other than that charged in the indictment. U.S. v. Solorio, 337 F. 3d 580, 589-90 (6th Cir. 2003).

9. Third, Levine complains that counsel should have filed a Motion to Suppress the September 20, 2000 incident. Assuming that what Levine is complaining about was trial counsel's failure to file a motion in limine, no prejudice occurred where trial counsel objected, and the court properly overruled the objection. Additionally, a Franks[5] hearing is only utilized in a search warrant or wiretap situation. Here, the drugs were found in plain view. [CR-DE-67, pp. 52, 104]. Any error would have been harmless. [CR-DE-70, p. 37]. The September 24, 2000 incident was a hand-to-hand sale [CR-DE-67, p. 8], in a controlled-buy situation. [CR-DE-67, p. 52].

10. Fourth, the convictions were not related, as indicated in paragraph 7 above. Additionally, once Levine was properly determined to be a career offender, his criminal history went to Category VI. So, even if the two 1989 convictions and the 1995 and 1996 convictions were related; which they were not, Levine was still properly scored as a Category 6.

11. Fifth, the Allen charge was requested after consultation with Levine. Such a tactical decision would have been binding on Levine, even had he expressed a contrary wish to his lawyer. U.S. v. Burke, 257 F. 3d 1321, 1324 (11th Cir. 2001), cert. denied, 123 S. Ct. 42 (2002). The

---

[5]Franks v. Delaware, 98 S. Ct. 2674 (1978).

standard instruction was properly given. U.S. v. Dickerson, 248 F. 3d 1036, 1050 (11th Cir. 2001), cert. denied, 122 S. Ct. 2659 (2002). The use of the standard instruction, in most instances, insulates a guilty verdict from appellate challenges. U.S. v. Clinton, 338 F. 3d 483, 488 (6th Cir. 2003).

12. Sixth, the videotape was properly played during deliberations. No harmful error has been shown. U.S. v. Bizanowicz, 745 F. 2d 120, 123 (1st Cir. 1984); U.S. v. Hofer, 995 F. 2d 746, 748-49 (7th Cir. 1993).

13. Seventh, Levine has not established that any error occurred at the trial level, whether preserved or not, for appellate counsel to have raised on appeal. No error has been shown.

Wherefore, Levine's Motion to Vacate [DE-1] is Denied.

The Clerk shall close this case and deny any pending motions as moot.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 26 day of September, 2003.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Jefferson Levine, #55586-004
c/o FCC Coleman
PO Box 1033
Coleman, FL 33521-1033

Larry Bardfeld, AUSA