UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JEFFERSON LEVINE,   CASE NO. 00-6353-CR-DIMITROULEAS

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## OMNIBUS ORDER

THIS CAUSE having been heard upon Petitioner's (Levine) January 3, 2006 Motion For Relief from Judgment [DE-85] and his June 23, 2006 Motion Requesting Modification of Sentence Pursuant to 18 U.S.C. 3582(c)(2)[1] [DE-86], and the Court having presided over the trial of this cause and having reviewed the court file, transcripts, and Pre-Sentence Investigation (PSI), finds as follows:

    1. On December 14, 2000 Levine was indicted and charged with the two counts of Possession with Intent to Distribute Crack Cocaine. [CR-DE-3]. The crimes occurred on or about September 14 and 21, 2000, respectively. Count Two alleged over fifty (50) grams of crack cocaine.

    2. Trial commenced on March 26, 2001. [CR-DE-28]. The jury was instructed on Count Two that the third element to be proven was that the Defendant possessed in excess of fifty (50) grams of crack cocaine. [CR-DE-30, p. 10]. The jury began their deliberations on March 27,

---

[1] The Clerk did not favor this court with a copy of either motion. They were brought to the Court's attention by USPO Suzanne Ferreira.

1

2001, [CR-DE-33, p. 2] and they deliberated about two hours. [DE-67, pp. 178-181]. On March 28, 2001, they requested a video machine so that they could play a videotape in the jury room. [CR-DE-33, p. 3]. There was no objection.. [CR-DE-68, p. 2]. After a total of three and one-half (3 ½) hours of deliberations, the jury sent out a note indicating that they were deadlocked and could not reach a unanimous decision [CR-DE-33, p. 4] and [CR-DE-68, p. 2]. After consulting with Levine, defense counsel agreed to this court's giving the Allen[2] charge. [CR-DE-68, p. 3]. The standard Allen charge was given. [CR-DE-68, pp. 4-5]. There was no objection. [CR-DE-68, p. 6]. At 2:00 P.M. the jury reached a verdict. [CR-DE-33, p. 8]. Levine was found guilty of Count Two, the September 21, 2000 incident. [CR-DE-34].

    3. On June 25, 2001, Levine filed objections to the PSI. He objected to being classified as a career offender. [CR-DE-44]. He contended that he did not remember a conviction in case number 91-141-CF, Sale of a Counterfeit Controlled Substance. He also contended that the conviction did not qualify as a controlled substance offense.

    4. On July 16, 2001, Levine was sentenced to Life in Prison. [CR-DE-51]. At sentencing a fingerprint expert testified that the Jeffrey Green in the 91-141-CF conviction was Levine. [CR-DE-70, pp. 3, 24-25]. Moreover, it was established in the PSI that the two prior felony offenses occurred on different days, were filed in separate informations and the sentencings occurred before different judges on different days. [CR-DE-69, p 5]. The court rejected the argument that a concurrent sentence prevents two convictions from being considered to be separate convictions for career offender purposes. See U.S. v. Maro, 272 F.3d 817, 824 (7th Cir. 2001), cert. denied, 122 S. Ct. 1632 (2002). The court found Levine to be a career offender.

---

[2] Allen v. U.S., 17 S.Ct. 154 (1896).

5. On September 9, 2002, the Eleventh Circuit Court of Appeals affirmed. In part, the appellate court found that this court did not err in finding Levine to be a career offender. U.S. v. Levine, 49 Fed. Appx. 287 (11th Cir. 2002). Mandate issued on October 9, 2002. [CR-DE-75].

6. On September 3, 2003, Levine filed a Motion to Vacate [DE-1 in 03-61711-CIV]. Levine made the following complaints:

    A.    Trial counsel was ineffective in not objecting to a career offender classification.

    B.    Trial counsel was ineffective in not objecting to the constructive amendment of the indictment.

    C.    Trial counsel was ineffective in not filing a Motion to Suppress.

    D.    Trial counsel was ineffective in not objecting to the scoring of related convictions.

    E.    Trial counsel was ineffective in not objecting to the Allen charge.

    F.    Trial counsel was ineffective in allowing the video tape to be played in the jury room during deliberations.

    G.    Appellate counsel was ineffective in failing to raise these issues on appeal.

7. On September 26, 2003, this Court denied the Motion to Vacate. [CR-DE-82]. On January 20, 2004, the Eleventh Circuit Court of Appeal denied Levine's request for a certificate of appealability. [DE-13 in 03-61711-CIV].

8. In his Motion for Relief from Judgment, Levine complains that the jury did not consider his prior convictions, that the indictment only charged a detectable amount of crack cocaine, and that the 100 to 1 ratio of crack cocaine to powder cocaine is unreasonable.

Assuming that Levine's complaints are properly raised under Rule 60(b)(6)[3], he is not entitled to any relief. First, the Jury need not consider prior convictions. <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000). Second the indictment charged over fifty grams of crack cocaine. Moreover, <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000) has not been given retroactive application. <u>In re Joshua</u>, 224 F. 3d 1281 (11th Cir. 2000). Third, Congress' disparate treatment of crack cocaine offenders is supported by a rational basis. <u>U.S. v. Williams</u>, 456 F. 3d 1353, 1367(11th Cir. 2006).

9. In Levine's Motion Requesting Modification to Reduce Sentence, he relies on 18 U.S.C. § 3582(c)(2) for relief. He relies on Amendment 484. However, that amendment does not apply to cutting or diluting substances; it concerns materials like fiberglass or beeswax in cocaine mixtures. See <u>U.S. v. Saavedra-Granillo</u>, 97 Fed. Appx. 183 (9th Cir. 2004), <u>but see</u> <u>U.S. v. Byfield</u>, 391 F. 3d 277 (D.C. Cir. 2004).

10. Here, the weight of the crack cocaine was not at issue; the weight did not include items such as plastic bags. See <u>U.S. v. Williams</u>, 80 Fed. Appx. 442 (6th Cir. 2003).

11. Finally, Amendment 484 was effective on November 1, 1993 before the commission of this crime. § 3582(c)(2) only applies to a subsequent change in the guidelines.

Wherefore, Levine's Motion for Relief From Judgment [DE-85] is Denied. Levine's Motion Requesting Modification of Sentence [DE-86] is Denied.

---

[3]Rule 60(b)(6) is reserved for extraordinary circumstances, <u>Gonzalez v. Crosby</u>, 125 S. Ct. 2641, 2649 (2005), which do not exist here.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of December, 2006.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Jefferson Levine, #55586-004
c/o FCC Coleman - USP
PO Box 1033
Coleman, Florida 33521-1033

Larry Bardfeld, AUSA
Suzanne Ferreira, USPO