UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6353-CR-DIMITROULEAS

UNITED STATES OF AMERICA,　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　Plaintiff,　　　　:
　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
JEFFERSON LEVINE,　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　Defendant.　　　　:
_____/

GOVERNMENT'S RESPONSE TO DEFENDANT
LEVINE'S PRO SE JULY 10, 2007
LETTER REQUESTING A BELATED APPEAL

The United States of America, by and through its undersigned Assistant United States Attorney, hereby responds to defendant Levine's pro se July 10, 2007, letter requesting a belated appeal as follows:

STATEMENT OF THE CASE

On September 9, 2003, Levine filed a pro se motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence in this case. The § 2255 was docketed in Civil Case No. 03-61711-CIV-DIMITROULEAS. On September 26, 2003, this Court denied the § 2255 motion (CR-DE 82; CV-DE 7).

On January 3, 2006, Levine filed a motion pursuant to Fed.R.Civ.P. 60(b)(6) seeking relief from the Court's denial of his

§ 2255 motion (CR-DE 85).[1]  The Court denied the Rule 60(b) motion in an omnibus order filed on December 8, 2006 (CR-DE 87).

On July 10, 2007, Levine sent a letter to the Clerk of Court requesting to file a belated appeal from the Court's order denying Rule 60(b) relief (CR-DE 88).  On July 18, 2007, the Court issued an order requesting the government to file a response within five days (CR-DE 89).

## MEMORANDUM OF LAW

Levine requests this Court to reopen the time to file an appeal of the denial of his Rule 60(b) motion (CR-DE 88).  Levine states that he never received an order denying the motion and did not learn that the Rule 60(b) motion had been denied until he called the Clerk's Office on July 10, 2007 to inquire into its status (id.).  However, because Levine's request is untimely, this Court may not grant the relief requested.

The Eleventh Circuit Court or Appeals has recognized that notices of appeal filed late because the appellant did not receive notice of the judgment appealed from should be addressed under the provisions of Federal Rule of Appellate Procedure 4(a)(6) for

---

[1] The Rule 60(b) motion was only docketed in the criminal case.  The government suggests that the Rule 60(b) motion, as well as the Court's denial of the Rule 60(b) (CR-DE 87), Levine's request to filed a belated appeal (CR-DE 88), the Court's order requesting a response thereto (CR-DE 89), and this response should all in fact be docketed in the § 2255 case (Case No. 03-61711-CIV-DIMITROULEAS) as they are a continuation of that case rather than the criminal case.

extensions of time.  See, e.g., Vencor Hospitals, Inc. v. Standard Life and Accident Insurance Company, 279 F.3d 1306, 1311 (11th Cir. 2002); Sanders v. United States, 113 F.3d 184, 187 (11th Cir. 1997). Rule 4(a)(6) provides as follows:

> (6) **Reopening the Time to File an Appeal.**  The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed.R.App.P. 4(a)(6).

To avail himself of the rule, Levine must prove that the three conditions set forth therein have been met.  Levine claims that he never received notice of the Court's denial of his Rule 60(b) motion which was filed on December 8, 2006 (CR-DE 87).  Levine claims he first learned that the motion had been denied when he called the Clerk's Office on July 10, 2007, to inquire into its status (CR-DE 88).

There is no way to determine whether Levine in fact received this Court's December 8, 2006, order.  Bureau of Prison staff at

FCC Coleman, where Levine is incarcerated, have advised that only mail which is clearly marked as "legal mail" and which contains instructions that it only be opened in front of an inmate is logged in. Thus, unless the Court sent its order in an envelope with those instructions, no record would exist at the prison to verify that the order was received. However, even assuming that Levine never received the order, his request to file a belated appeal under Fed.R.App.P. 4(a)(6) is untimely.

In Vencor, supra, 279 F.3d at 1311, the Eleventh Circuit held that a judgment cannot be reopened under Rule 4(a)(6) where more than 180 days had elapsed since entry of the order. Here, the Court's order denying Rule 60(b) relief was filed on December 8, 2006 (CR-DE 87). Levine's pro se letter seeking a belated appeal is dated July 10, 2007, more than 180 days after entry of the order.[2] Because Levine's request to file a belated appeal was filed more than 180 days after the Court's order denying Rule 60(b) relief, this Court lacks jurisdiction to reopen the judgment under Fed.R.App.P. 4(a)(6). Moss v. Sec'y for Dept. Of Corrections, 177 Fed.Appx. 911, 2006 WL 1071249 (11th Cir. 4/21/06) (unpublished) (court may not extend 180-day time period for appeal in Rule 4(a)(6)(B)).

---

[2] Although Levine's letter was not filed until July 16, 2007, it is considered filed on July 10, 2007, when it was executed by Levine and certified to have been placed in the prison mail. See Adams v. United States, 173 F.3d 1339 (11th Cir. 1999).

CONCLUSION

For the foregoing reasons, Levine's request to file a belated appeal of the denial of his Rule 60(b) motion should be denied.

Respectfully submitted,

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY


BY: s/Laurence M. Bardfeld
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 712450
500 E. BROWARD BOULEVARD, 7th FLOOR
FT. LAUDERDALE FL 33394
TEL. NO. (954) 356-7254
FAX NO. (954) 356-7336


CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 23, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served today by United States mail to Levine who is not authorized to receive or did not receive the electronically filed Notices of Electronic Filing as indicated in the Service List below:

    Jefferson Levine, #55586-004
    c/o FCC - USP Coleman
    P.O. Box 1033 (F-Unit)
    Coleman, Florida 33521-1033


s/Laurence M. Bardfeld
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY